PATRICK H. FLEMING

*v.*

HATTIE E. PETERSON.

*Filed at Ottawa May 11, 1897—Rehearing denied October 12, 1897.*

1. CONTRACTS—*when contract in lieu of alimony is an annuity.* A contract between a divorced husband and wife, executed in satisfaction of a decree for permanent alimony, whereby the former agrees to pay the latter a certain sum each month, in quarterly installments, as long as she shall live or until she shall re-marry, is a contract for the payment of an annuity.

2. EQUITY—*equity has jurisdiction to enforce specific performance of an annuity contract.* A bill in equity lies to enforce specific performance of an annuity contract on breach in the payment of installments, and relief will be granted providing for the payment of arrears and for the prompt payment of future installments, according to the terms of the instrument creating the annuity.

*Fleming* v. *Peterson,* 69 Ill. App. 38, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JOHN C. RICHBERG, for appellant:

A party has no such standing in equity as will enforce the payment of money on a contract. The remedy is at law. *Railroad Co.* v. *Nichols,* 57 Ill. 464.

Equity has no jurisdiction on a bill for relief without a prayer for discovery on a contract on which the plaintiff has a remedy at law. *Thomas* v. *Caldwell,* 50 Ill. 138.

The contract being a personal contract between the parties, as individuals, the remedy is adequate at law. *Werden* v. *Graham,* 107 Ill. 169.

In all cases of a doubtful character parties should be remitted to whatever remedy they may have at law, although equity might entertain jurisdiction. *Hacker* v. *Barton,* 84 Ill. 313; *Wing* v. *Sherer,* 77 id. 200.

Where a court of law has jurisdiction, the complainant must show that the case falls within some exception to the rule. *Douglass* v. *Martin,* 103 Ill. 25.

Jurisdiction for compensation or damages does not attach in equity, except as ancillary to a specific performance or some other relief. *Stickney* v. *Goudy,* 132 Ill. 227.

Damages cannot be recovered on a bill for specific performance. *Doan, King & Co.* v. *Manzey,* 33 Ill. 227.

COLIN C. H. FYFFE, for appellee:

A bill will lie which seeks specifically to enforce a contract for the payment of an annuity. The proper relief to be granted is for the payment of arrears due and unpaid, and that defendant be required to pay the future installments as they come due, in accordance with the terms of the instrument creating the annuity. *Manley* v. *Hawkins,* 1 Drury & W. 363; 1 Am. & Eng. Ency. of Law, 598; 2 Story's Eq. Jur. (13th ed.) 41; *Marshall* v. *Thompson,* 18 Munf. 412; *Swift* v. *Swift,* 3 Ired. Eq. 267; *Cupit* v. *Jackson,* 13 Price, 721; *Clifford* v. *Turrell,* 1 Y. & C. 138; *Keenan* v. *Handley,* 2 DeG., J. & S. 282; *Herbert* v. *Earl of Powis,* 1 Brown's Par. Cas. 355; *Carbery* v. *Weston,* id. 429; *Bower* v. *Cooper,* 2 Hare, 408; *Cooke* v. *Wiggins,* 10 Ves. Jr. 191.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed her bill in equity in the circuit court of Cook county against appellant, and alleged her marriage with him, and that she subsequently obtained a decree for divorce and alimony against him; that by such decree appellee was permitted to resume her maiden name, and that appellant was required to pay her as alimony $125 per month; that afterwards, and on February 27, 1892, she entered into a written agreement, under seal, with appellant, which recited the fact of the proceedings and the decree for divorce and alimony, and that it was understood that he was to pay her as permanent alimony $125 per month, quarterly in advance, commencing March

1, 1892, until her decease or re-marriage, or until she should consent in writing to a re-conveyance of certain described property offered and accepted as security for such monthly payments, or should receive a conveyance in fee of such property in full settlement and satisfaction, and which agreement provided that in consideration of one dollar and the full satisfaction and discharge of the decree for alimony, he, appellant, would pay her $125 per month, quarterly in advance, after the date of the agreement, until her decease or re-marriage, or until she should release him in writing, according to the terms of a deed of trust given at the same time upon the real estate described, securing such payments. It was further provided that in case of his default for fifteen days in payment, then, upon appellee's demand in writing, the trustee should convey to her the property in fee, in full satisfaction of all payments and demands under the agreement. The trust deed made it optional with appellee whether or not she would demand and receive the property in satisfaction of her demands. The bill alleged that the quarterly installments had been regularly paid except the one which became due June 1, 1895, which remained due and unpaid; that the defendant had expressed a desire to settle by paying some lump sum, but an inadequate amount; that she had demanded payment of the installment due, but that appellant had refused payment with the view of taking advantage of her necessities and of compelling her to settle with him upon his own inadequate terms, and that the real estate so given as security was of insufficient value, it not exceeding in value $7000, while the present value of the annuity was about $28,000. The prayer was for an accounting and ascertainment of the amount due and for a decree for its payment, and for the payment of the annuity or permanent alimony in quarterly installments as the same should thereafter become due, according to the terms of the contract.

The circuit court sustained a demurrer to the bill, and on appeal the Appellate Court reversed the decree sustaining the demurrer and dismissing the bill, and remanded the cause for further proceedings. (*Peterson* v. *Fleming*, 63 Ill. App. 357.) When the cause was reinstated in the circuit court appellant answered the bill, admitting its principal allegations, but denying that there was any dispute as to the amount due or any necessity for an accounting, or that he desired or attempted to compel appellee to settle with him for an inadequate sum, and denying that the property was scant or insufficient security, and denying that the case was cognizable in equity, but alleged that complainant had an adequate remedy at law, and prayed the same advantage as if he had demurred to the bill.

The evidence showed that nothing had been paid upon the annuity since March 1, 1895, and that there was due at the time of the trial, and including the installment due June 1, 1896, the total sum of $1875; also, that complainant had satisfied of record the decree for alimony. A decree was entered in accordance with the prayer of the bill, and it has been affirmed in the Appellate Court.

The only question necessary to consider is, whether or not the case is one for equitable jurisdiction. Appellant insists that a bill in equity cannot be brought in such a case, but that there is an adequate remedy at law.

The contract, like the decree, provided for the payment of permanent alimony in the form of quarterly installments. It was to all intents and purposes an annuity, as that term is used in its broader sense. The fact that these installments were secured by the deed of trust is immaterial, as appellee was not bound to rely upon the security. But little authority on the question is to be found in cases decided in this country, but the English reports contain many cases in point, and show that it has been held almost uniformly that a court of equity has jurisdiction in such cases to decree the spe-

cific performance of the contract. In the case at bar the contract provides for periodical payments as alimony during the uncertain period of the life of appellee or until she shall re-marry. If she were to proceed at law to recover the installments as they become due she would be compelled to bring four suits each year, and a remedy which would subject her to the necessity of bringing so many suits, and to the expense and delays which would be incident to them, to recover that which, from its very nature, was intended to be paid to her at regular stated periods for her support and maintenance, could hardly be called complete and adequate. Appellant says it can not be presumed he would continue his refusal to pay, and thus make so many suits necessary. We must take the case as the record presents it. He has refused to pay, without any reason or excuse for such refusal. At the time of the decree there were five quarterly installments which were unpaid, and we know of no reason why it can be presumed that he will voluntarily pay hereafter.

It is urged, in the next place, that the present value of the annuity may be ascertained in an action at law, and appellee may recover such present value in a lump sum, and that in such an action her legal remedy is adequate and complete. It may, we think, well be assumed that the contract for alimony, following the decree which it satisfied, makes a more appropriate and valuable provision for her support and maintenance than a judgment for its present value in a lump sum would prove to be, and she ought not to be compelled, at the election of the party in default, to accept something in satisfaction so different in its nature, and possibly in value as well, simply because the law, in its unbending forms of procedure, affords her no other remedy. Besides, it might not prove an easy matter of accomplishment to find authentic tables of mathematical calculation, or other means of proof, upon which a judicial finding could be based as to the present value of a series of periodical

payments which are to be made at stated times in the future, until appellee shall re-marry.

While it appears to be true, as contended by appellant, that the means of enforcing payment of the installments of 'an annuity by the courts of Great Britain is generally by appointing a receiver, which can be done only in chancery, to take possession of the property upon which the annuity is charged, and collect the rents and income thereof and apply them in payment, or otherwise to enforce the lien given by the instrument creating the annuity, still it is clear from the cases that the equitable jurisdiction of the court was based on the broader ground that a complete and fully adequate remedy could, as a general rule, be had in such cases only in courts of equity. Thus, in *Keenan* v. *Handley*, 2 DeG., J. & S. 283, in a decision by the vice-chancellor, which was approved on appeal, upon a bill to enforce an agreement to make a deed granting an annuity, it was said that "a court of equity, if there was no agreement to execute a deed but only an agreement to pay, would make an order, not only of arrears, but of the future installments as they became due." And so in *Carbery* v. *Western*, 1 Brown's Par. Cas. 429, (an old case brought in the court of chancery in Ireland, the decision in which was affirmed by the High Court of Parliament,) the defense was that there was an adequate remedy at law; but it was held otherwise, and it was decreed that the defendant should pay the complainant the arrears of the annuity and also the growing annuity, according to the covenants of the deed, with liberty to resort to the court for such further directions as should from time to time be thought necessary. See, also, *Cupit* v. *Jackson*, 13 Price, 721; *Manly* v. *Hawkins*, 1 Dr. & W. 363.

In *Marshall* v. *Thompson*, 2 Munf. 412, the only American case to which our attention has been called as bearing directly upon the question, it does not appear that the question of equity jurisdiction was raised, and there was some question in the case as to whether or not a

receipt or a release given by the annuitant was or not
obtained by fraud or mistake.   The court, however, in
the opinion said that "she should not have been limited
by the decree of the courts below to the annuities which
had actually fallen due before the date, but that liberty
ought to have been reserved to her thereby to apply to
the court, from time to time, to extend this decree so as·
to embrace all the annuities thereafter falling due during
her life."

*Swift* v. *Swift*, 3 Irish Eq. 267, decided by Lord Chan-
cellor PLUNKET in 1841, was a case very similar to the
one at bar, one of the principal grounds of the defense
being that there was an adequate remedy at law, but it
was held that equity had jurisdiction.   Among other
things in the opinion it was said:   "The plaintiff here
seeks not an indemnity against any contract she entered
into,—she seeks the performance of a personal contract
entered into with her by the defendant; and the relief
which she seeks is that ·which can be afforded her only
in a court of equity, namely, the performance of that
contract in its very terms by·the defendant.   It is said
she has·a complete remedy at law for the breach of this
contract, and that, therefore, this court should not inter-
fere.   Now, the remedy at law could only be obtained in
one or two ways: either by at once recovering damages
for all the breaches that might occur during the joint
lives of herself and the defendant, or by bringing four
actions in each year, and recovering in each the amount
.of a quarterly payment of the annuity.   Those are the
two modes of redress open to the plaintiff at law.   I am
called ·on to refuse relief here on the ground that such
remedies are equally beneficial and effectual for the
plaintiff as that which this court ·could afford.   To refuse
relief on such a ground would not, in 'my opinion, be a
rational administration of justice..   I do not see that
there is any authority for refusing relief, and certainly
there is no foundation in reason for doing so.   *   *   *

Applying this to the present case, leaving the plaintiff to proceed at law and to get damages at once for all the breaches that might occur during the joint lives of her and the defendant, would, in effect, be altering the entire nature of the contract that she entered into. It would be compelling her to accept a certain sum,—a sum to be ascertained by the conjecture of a jury as to what was the value of the annuity. This would be most unreasonable and unjust. Her contract was for the periodical payment of certain sums during an uncertain period. She was entitled to a certain sum of money, and she agreed to give up that for an annuity for her own and the defendant's lives, and to insist on her now accepting a certain sum of money in the shape of damages for it would be, in effect, to make her convert into money what she, having in money, exchanged for an annuity. As to her resorting four times every year to a court of law for each quarterly payment of this annuity, it is a manifest absurdity to call that a beneficial or effectual remedy for the plaintiff; and, resting the case on that ground alone, I think I am warranted by the highest authority in granting the relief sought." And further: "The contract is for payment by installments of a sum the amount of which it is impossible to ascertain, depending, as it does, upon the continuance of the lives of the plaintiff and of the defendant. I am warranted, therefore, by the high authority of Lord Hardwicke, in saying that the circumstance that the contract between the parties is to have continuance during the joint lives of the plaintiff and defendant is sufficient to authorize me to entertain a bill for its performance *in specie*. Such a jurisdiction, Lord Hardwicke says, ought to be exercised with great caution in cases of personal chattels—an observation in which I fully concur; but the present appears to me to be a case calling for its exercise."

We are of the opinion that the general principle announced in these cases is applicable to the case at bar,

and that the case does not lie beyond the bounds of equity jurisdiction. We do not think, as insisted upon by counsel, that upon the same principle it would follow that courts of equity would have jurisdiction to enforce every contract providing for the payment of moneys in installments. Annuity bills have long been entertained by courts of equity in Great Britain, and we do not concur in the view urged by counsel for appellant.

There is no error in the decree, and the judgment of the Appellate Court affirming such decree will be affirmed.

*Judgment affirmed.*