M. C. COBB v. THE ATLANTIC COAST LINE RAILROAD COMPANY
AND TOISNOT TOWNSHIP ROAD COMMITTEE.

(Filed 20 September, 1916.)

1. **Municipal Corporations—Public Roads—Relocation—Discretionary Powers—Private Use—Courts—Jurisdiction.**

> Where in an action against a railroad company and a township road committee there are allegations and affidavits that the defendant committee are about to change the location of a public road running in front of plaintiff's lands to the rear thereof, taking about an acre of plaintiff's land, not for the public good, but for the sole advantage of the railroad company in again commencing to use a rock quarry which it had theretofore used, a judicial question is raised, cognizable by our courts, whether the power sought to be exercised is for the public benefit or solely to advance private interests.

2. **Same—Injunction.**

> Where the relocation of a public road by a township road committee is made for the public benefit in the honest exercise of their discretionary powers, they will not be interfered with by the courts solely because there are some incidental advantages to be gained by an adjoining property owner.

**3. Same—Serious Questions—Issues.**

Where an injunction is sought against a township road committee and a railroad company, and the pleadings and affidavits raise the question as to whether the relocation of a public road running in front of plaintiff's lands was for the sole benefit of the railroad company, and not the public, serious issues are raised, and a restraining order, theretofore granted, should be continued to the hearing of the case upon its merits. The principle that the courts will not enjoin the operation of industrial and other enterprises which aid in the development of the country has no application to the facts of this case.

**4. Constitutional Law—Condemnation—Public Use—Compensation.**

Under our State Constitution private property can only be taken by condemnation for a public use, and upon just compensation.

**5. Injunction—Blasting—Insolvency—Allegations—Statutes.**

Continued blasting of stone in a rock quarry which unlawfully invades the property rights of an adjoining owner is a continuous trespass, and may be enjoined without allegation of insolvency. Revisal, sec. 807.

**6. Injunction—Blasting—Continuous Trespass.**

Where there is allegation that the defendant had theretofore operated a rock quarry near plaintiff's dwelling to the invasion of his property rights by continually blasting rock which was thrown in all directions onto plaintiff's lands, dwelling, and outhouses, endangering the life of his family and impairing the value of his property, and that the defendant was about to resume such operations; and the defendant admits it is about to resume operations, but denies that it will injure the plaintiff: *Held*, a restraining order should be continued to the hearing of the case upon its merits.

APPLICATION for injunction, heard at chambers, 21 April, 1916, by *Devin, J.* From WILSON.

This is an action to restrain the defendants, the Atlantic Coast Line Railroad Company and the Toisnot Township Road Committee, from entering upon the land of the plaintiff and changing a public road, and from committing other trespasses thereon.

The plaintiff alleges, in substance, that he owns a tract of land in Toisnot Township, Wilson County, lying on a public road from Elm City to Sharpsburg, and adjoining a quarry of the defendant the Atlantic Coast Line Railroad Company and others; that the two defendants, unlawfully and without the consent of plaintiff, are about to change said road, which runs in front of plaintiff's residence, and locate the same in the rear of same, and in doing so take about an acre of plaintiff's lands; that there is absolutely no public necessity for a change in said roadway, and no public demand therefor; that it will not shorten travel; that no one lives upon said roadway; and the sole purpose of changing the said roadway is a scheme on the part of the Atlantic Coast Line Railroad Company, by and with the consent of the Toisnot

Township Road Committee, to unlawfully take possession of the plaintiff's lands, to destroy the old roadway without the authority of law, and to close the same up; that the defendant the Atlantic Coast Line Railroad Company owns a quarry immediately adjoining plaintiff; that some few years ago it was engaged in blasting rock in the quarry, and while so doing continually trespassed upon plaintiff by throwing rock, stone, and débris upon his premises, endangering plaintiff's life and the lives of his family, employees, tenants, and stock; that the Atlantic Coast Line is about to reëngage in blasting in this quarry, and that it will do so in the same manner as previously, and will again invade plaintiff's home and premises, and continually and continuously throw and hurl rock, stone, and débris upon the same, as it previously did, if not restrained by the courts.

The defendants filed answers in which all the material allegations of the complaint are denied.

A temporary restraining order was issued, and on the return day the plaintiff offered evidence tending to prove all the allegations of his complaint, and the defendants offered evidence to the contrary.

The temporary restraining order was continued to the final hearing, and the defendants excepted and appealed.

*H. G. Connor, Jr., for plaintiff.*
*F. S. Spruill for defendants.*

ALLEN, J. We concur in the positions taken by the learned counsel for the defendants, that the courts will not ordinarily interfere by injunction with the operation of industrial and other enterprises which aid in the development of the country, nor will they attempt to restrain the free exercise of discretion vested in public officers, when used for the benefit of the public. But these questions are not now before us.

The allegations of the plaintiff are that the members of the road committee are not using the powers vested in them for the public good, and that, on the contrary, they and their codefendant have entered into an arrangement to destroy the public road running in front of the plaintiff's house and to open a new road in the rear of the house and over the land of the plaintiff solely for the benefit of the defendant railroad, and to enable it to run an enterprise of its own more successfully; and if these allegations are true, the road committee is exceeding its powers and the taking of the plaintiff's land would be for a private, not a public, use, and illegal.

There is no power under the Constitution to take private property except for a public use, and then only upon just compensation (*Dargan v. R. R.*, 113 N. C., 598), and whether the power is being exercised for the public benefit or solely to advance private interests is a judicial

question of which the courts may take cognizance.    4 McQuillin Munic. Corp., p. 3092; 10 R. C. L., 30; *Stratford v. Greensboro,* 124 N. C., 133; *Edwards v. Comrs.,* 170 N. C., 451.

The author says in Ruling Case Law: "The question whether the constitutional provisions against taking private property for private use have been violated is, like all constitutional questions, ultimately for the courts; and if a court can clearly see that a particular undertaking, which it is proposed to clothe with the power of eminent domain, has no real and substantial relation to the public use, it is the duty of the court to intervene." And the Court, in *Stratford v. Greensboro,* said: "But whether the use of the property which the delegated legislative authority has declared to be a public use be such a use, or would sustain the authorities in taking, against the will of the owner, his property, is a judicial question."

The *Stratford case* is clearly recognized as authority in *Edwards v. Comrs., supra,* as applied to a case where it appears that the measure complained of is "in promotion of a personal and private scheme, and not in furtherance of the public interests."

We have, then, on this branch of the case, a judicial question raised by the pleadings, and supported by evidence at the hearing, and the material facts alleged, upon which it rests, are denied in the answers of the defendants.

This raises serious issues of fact, supported by evidence; and in such case, and when the main purpose of the action is to obtain a permanent injunction, the rule is to continue the restraining order to the final hearing.    *Tise v. Whitaker,* 144 N. C., 510; *Stancill v. Joyner,* 159 N. C., 189; *Little v. Efird,* 170 N. C., 189.

If, however, it should hereafter be made to appear that the use is for the benefit of the public, the courts would not interfere on account of incidental advantage to the railroad, nor because the course followed by the commissioners in the honest exercise of their judgment and discretion might be less convenient or might not be the best.

As was said in *Edwards v. Comrs., supra,* these officers "are not to be controlled by a vote of the localities affected, either informal or otherwise, and, whenever it is shown that they have officially dealt with questions lawfully submitted to their judgment, their action may not be controlled nor interfered with by the courts, unless it is established that there has been a gross and manifest abuse of their discretion or it is clearly made to appear that they have acted, not for the public interest, but in promotion of personal or private ends.    *Supervisors v. Comrs.,* 169 N. C., 548; 86 S. E., 520; *Comrs. v. Comrs.,* 165 N. C., 632; *Newton v. School Committee,* 156 N. C., 116; *Brodnax v. Groom,* 64 N. C., 244."

The plaintiff also asks for injunctive relief against the defendant railroad, not to restrain it from operating its quarry, but to prevent

it from so using the quarry that it will throw rocks on the land of the plaintiff.

He alleges that the defendant has heretofore used the quarry, and while doing so it continually trespassed on the premises of the plaintiff; that in its use rock were thrown in all directions, and that almost daily large quantities of rock were thrown on the land of the plaintiff, striking the plaintiff's residence and outhouses, and endangering the life of members of his family, and impairing the value of his property, and that the defendant intends to renew the operations as heretofore.

The defendant railroad denies that it has or will do any injury to the plaintiff, but admits that it is about to renew the operation of the quarry.

This raises an issue for a jury, and as a continuous trespass may be restrained, and without an allegation of insolvency (Rev., sec. 807), his Honor properly continued the order, restraining the defendant from causing rock, etc., to be thrown on the land of the plaintiff, until the hearing.

If the defendant is doing no injury to the plaintiff, as it claims, the order is no restraint upon its rights; and if it will continuously throw rock on the land of the plaintiff, it ought to be restrained.

In our opinion, the restraining order was properly continued to the final hearing.

Affirmed.