CHARLOTTE BANK AND TRUST COMPANY v. C. W. SMITH, H. L. WILSON, B. J. BLUME AND J. E. TOOLE.

(Filed 26 January, 1927.)

1. **Bills and Notes—Negotiable Instruments—Banks and Banking—Renewal Notes—Duress—Fraud—Evidence.**

    Evidence that a bank agreed to give an extension of time by a renewal note it held against the plaintiff upon the condition that he would endorse another note it held from a different maker, and threatened to immediately sue upon the past due note of the defendant, is only of a lawful act on the part of the bank, and is not sufficient of duress or fraud in the procurement of the defendant's endorsement of the note to the other payee to avoid the defendant's liability thereon as an endorser.

2. **Same—Consideration.**

    Where the bank has the right to sue its payee upon a past due paper, its parol agreement to extend the time of payment by a renewal note is without consideration and unenforceable.

APPEAL by plaintiff from *Harding, J.,* at February Term, 1926, of MECKLENBURG. New trial.

Actions to recover judgment upon two notes, one for $2,000, and one for $2,500, both executed by defendant, C. W. Smith, and payable to the order of plaintiff, were consolidated for trial. Both notes were endorsed by defendants, H. L. Wilson, B. J. Blume and J. E. Toole. Neither was paid at maturity.

The matters alleged in the answer of defendant, H. L. Wilson, and relied upon by him in defense of the action, were submitted to the jury upon the fourth issue, which is as follows:

"4th. Was the endorsement of the said notes by H. L. Wilson, defendant, procured by fraud and undue influence exercised upon him by M. A. Turner, president of the plaintiff bank?"

The jury answered this issue, "Yes." From judgment upon the verdict, that plaintiff recover nothing of the defendant, H. L. Wilson, and that said defendant recover of plaintiff his costs in said actions, plaintiff appealed to the Supreme Court.

*Walter Clark and James A. Lockhart for plaintiff.*
*Andrew Joyner, Jr., and Shuping & Hampton for defendant.*

CONNOR, J. The plaintiff in apt time requested the court, in writing, to instruct the jury as follows:

"Upon the whole evidence, if the jury finds the facts to be as testified to by the witnesses, they should answer the fourth issue, 'No.'"

The court refused to give this instruction; plaintiff excepted. On its appeal to this Court plaintiff relies chiefly upon its assignment of error based upon this exception.

The evidence tends to show that on 4 December, 1924, plaintiff bank held two notes executed by defendant, H. L. Wilson, payable to the order of B. J. Blume, each in the sum of $2,500. Both these notes, endorsed by defendants, C. W. Smith and J. E. Toole, had been negotiated by the endorsement of B. J. Blume, payee therein, to plaintiff. Both notes were past due, and defendant, H. L. Wilson, who resides in Guilford County, went to Charlotte for the purpose of procuring an extension of said notes. B. J. Blume went with defendant to the plaintiff bank, and there had an interview with Mr. Turner, its president.

H. L. Wilson testified that an agreement was entered into between Mr. Turner, Mr. Smith and Mr. Blume with respect to these notes. It was agreed that Mr. Blume and Mr. Smith would pay the two notes by 15 December, 1925. Witness then returned to Greensboro. A few days after his return he received several letters and a telegram from Mr. Turner, in consequence of which he returned to Charlotte where he first called on Messrs. Blume, Smith and Toole. He then went with

Mr. Smith to Mr. Turner's home. Witness was there informed by Mr. Turner that the bank authorities would not agree to hold his notes until 15 December. Mr. Turner stated to witness that the bank held a small note of Mr. Smith's. He suggested to witness that some satisfactory arrangement might be made for the extension of defendant's notes. Turner, Wilson and Smith then went to the bank. Defendant testified as follows:

"When we got to the bank Mr. Turner went around to his office and handed me out a $5,000 note already made out. I said to him, 'How about Toole and Blume signing this note?' Mr. Turner said, 'Mr. Wilson if you will sign that note I will guarantee to get Mr. Blume and Mr. Toole to sign it tomorrow.' I said, 'I will sign it provided you will do so.' He repeated that he would.

"After I signed the $5,000 note Mr. Turner got out these two notes of C. W. Smith, one for $2,000, and one for $2,500, and said, 'How about signing these notes?' I replied, 'I can't sign any more notes. I can't take care of any which I have already signed.' He said, 'Unless you sign these notes, I will have to sue you on the other.' There had already been arrangements made to carry the other notes to 15 December. He said, 'Unless you sign these two notes, I cannot renew that $5,000 note.' I said, 'I can't hardly pay that $5,000 note and I can't put my signature on any more notes.' He said, 'Unless you do, I will have to sue you right away.' Through his threats—I was worried by his letters and telegrams—I signed the notes. He threatened me, and I was excited, worried and nearly crazy. I went ahead and signed the two notes. I judge that Mr. Turner talked with me about signing these notes of Smith's about ten or fifteen minutes. To force me to sign the notes sued on in this action, Mr. Turner threatened to sue me on that $5,000 note. That was the threat he made—the only threat. He had promised Mr. Blume and Mr. Smith to wait until 15 December on my note. He would not extend the period of payment on the $5,000 note unless I signed these notes of Smith's."

This is all the evidence submitted to the jury upon the fourth issue. The other issues were answered "Yes" by consent. They were as follows:

1. Did the defendant endorse the note dated 21 November, 1924, of $2,000, payable to plaintiff, signed by C. W. Smith and endorsed by B. J. Blume and J. E. Toole as alleged?

2. Did the defendant endorse the note dated 3 December, 1924, of $2,500, payable to plaintiff, signed by C. W. Smith, and endorsed by B. J. Blume and J. E. Toole, as alleged?

3. Are said notes due plaintiff and unpaid?

We fail to find in the testimony of defendant—which was the only evidence offered by him pertinent to the fourth issue—any evidence of

fraud or undue influence. The agreement to extend the time for the payment of the notes executed by defendant, and held by plaintiff as holder in due course, was between plaintiff and the endorsers of the note. There is no evidence of any agreement on the part of the bank with defendant as maker of the notes. Nor was there any consideration for the agreement which defendant testified was made by the bank, and Messrs. Smith and Blume.

Plaintiff therefore, until it accepted the note for $5,000 in renewal or in payment of defendant's two notes for $2,500 each, both of which were then due, had the legal right to bring suit on said notes at once. A threat to do what one has a legal right to do cannot constitute duress. 13 C. J., 399. It is manifest that defendant endorsed the notes of C. W. Smith—his brother-in-law—in order to procure an extension of time for the payment of his own notes. There is no evidence in this record sustaining the affirmative of the issue submitted to the jury.

There was error in refusing to give the instruction as requested by plaintiff. There must be a

New trial.