ROSANNA CRUMP MOORE v. ALTON MONROE MOORE

No. 20

(Filed 16 March 1979)

1. **Divorce and Alimony § 21; Husband and Wife § 13— separation agreement—enforcement by specific performance**

    Plaintiff was entitled to specific performance of a separation agreement not incorporated into the parties' divorce decree, since the available remedy at law—to wait until payments became due and defendant failed to comply, then file suit for the amount of the accrued arrearage, reduce the claim to judgment, and, if defendant failed to satisfy it, secure satisfaction by execution, and perhaps go through this process repeatedly if defendant continued his failure to comply—was inadequate.

2. **Divorce and Alimony § 21.3; Husband and Wife § 13— separation agreement—specific performance to enforce—evidence improperly excluded**

    In an action for specific performance of alimony provisions of a separation agreement which was not made a part of the parties' divorce decree, the trial court erred in excluding evidence tendered by plaintiff of defendant's income, assets and liabilities since that evidence showed a deliberate pattern of conduct by defendant to defeat plaintiff's rights under their separation agreement.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals, 38 N.C. App. 700, 248 S.E. 2d 761 (1978). The question we are called upon to decide is whether an action for specific performance will lie to enforce the alimony provisions of a separation agreement, which has not been made part of a divorce decree.

The parties were separated on 24 April 1972, at which time they executed a separation agreement with defendant obligating himself to pay to the plaintiff $250.00 per month as alimony until plaintiff reaches age 65 or remarries. If plaintiff reaches the age of 65 and remains unmarried, defendant is to continue making monthly support payments in a reduced amount until her death. The parties subsequently divorced, but the separation agreement was apparently not made a part of the divorce decree. Defendant complied with the alimony provisions of the separation agreement until 15 July 1975; he has made no payments since. On 27 January 1976 plaintiff obtained a judgment against defendant for accrued arrearages. Execution issued on this judgment was returned, marked "unsatisfied." On 26 August 1976 defendant appeared

at a supplemental proceeding and testified concerning his property and earnings. The judgment remains unsatisfied. Plaintiff then tried unsuccessfully to garnish defendant's earnings.

On 19 January 1977 plaintiff brought this action for further accrued arrearages and seeking a decree of specific performance ordering defendant to perform his support obligations required by the separation agreement. The parties stipulated that the agreement had been breached and that the arrearages totaled $4,875.00 at the time. Counsel for defendant objected at trial to all questions regarding defendant's income, assets, and liabilities. The court sustained those objections on grounds of irrelevancy but allowed plaintiff's counsel to elicit answers for the record. Defendant's testimony established: That he has remarried; that his annual gross income is approximately $20,000.00; that upon receiving his bimonthly paycheck, he immediately endorses it over to his present wife who deposits it in her checking account; that his present wife owns and operates a beauty parlor, the purchase of which was partially financed by defendant's earnings; that the house in which defendant and his present wife live is owned jointly by defendant and his present wife; that other property, such as cars and a boat trailer, is titled in his present wife's name; that defendant provides no support to his natural children; that his present wife receives $75.00 per month in support payments from her former husband for her child who lives with her and defendant; and that household expenses and a variety of loan payments on property held jointly by defendant and his present wife or solely by his present wife are financed from his present wife's checking account in which defendant's paycheck is regularly deposited.

The trial court on 20 October 1977 entered judgment in plaintiff's favor for the stipulated amount but denied plaintiff's request for a decree of specific performance. The Court of Appeals affirmed the trial court's disposition of the case in an opinion by Vaughn, Judge, with Morris, Judge (now Chief Judge), concurring, and Webb, Judge, dissenting.

*Smith, Anderson, Blount & Mitchell, by J. G. Billings and Nigle B. Barrow, Jr., for plaintiff.*

*Soles & Phipps, by R. C. Soles, Jr., for defendant.*

BROCK, Justice.

This case raises again the troublesome issue of enforcement of a marital separation agreement that has not been incorporated into a judgment, which would thereby subject the parties to the contempt power of the court. *See Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964); *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118 (1946); *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529 (1944). *Stanley* and *Brown* involved attempts to invoke the contempt power of the court to enforce a separation agreement not made a part of a divorce judgment. The instant case differs from them in that the plaintiff seeks a decree of specific performance ordering defendant to comply with the support provisions of the separation agreement.

A marital separation agreement is generally subject to the same rules of law with respect to its enforcement as any other contract. *Stanley v. Stanley, supra;* 2 Lee, *N.C. Family Law,* § 201, p. 423 (3d ed. 1963). The equitable remedy of specific enforcement of a contract is available only when the plaintiff can establish that an adequate remedy at law does not exist. *Bell v. Smith Concrete Products, Inc.,* 263 N.C. 389, 139 S.E. 2d 629 (1965). Therefore, we must consider plaintiff's contention that her remedy at law is inadequate.

Equity "seeks to reach and do complete justice where courts of law, through the inflexibility of their rules and want of power to adapt their judgments to the special circumstances of the case, are incompetent so to do." *Zebulon v. Dawson,* 216 N.C. 520, 522, 5 S.E. 2d 535, 537 (1939). In *Sumner v. Staton,* 151 N.C. 198, 201, 65 S.E. 902, 904 (1909), Justice Brown discussed the nature of a court's inquiry into the adequacy of a plaintiff's remedy at law thusly:

> "An adequate remedy is not a partial remedy. It is a full and complete remedy, and one that is accommodated to the wrong which is to be redressed by it. *It is not enough that there is some remedy at law; it must be as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.*" (Emphasis added.)

Thus in *McClintock on Equity,* § 46, p. 110 (2d ed. 1948) it is observed that "[t]he fact that the remedy which the courts of law

would ultimately give if the plaintiff were successful would be an adequate one does not prevent the intervention of equity if the procedures which must be followed at law would make the remedy less efficient and practical to meet the plaintiff's needs." A common instance of this basis of equity jurisdiction is found in the continuing trespass situation. The plaintiff, who is suffering a continuing trespass to his property or interference with a legal right, could bring numerous actions at law serially to recover damages. That remedy, although it will ultimately compensate the plaintiff, is deemed to be inadequate because of the nature of the wrong and the impracticality and inefficiency of the remedy. *Donovan v. Pennsylvania Co.,* 199 U.S. 279, 26 S.Ct. 91, 50 L.Ed. 192 (1905); *Cobb v. Atlantic Coast Line RR,* 172 N.C. 58, 89 S.E. 807 (1916); Dobbs, *Trespass to Land in North Carolina,* 47 N.C.L. Rev. 334, 352 n. 94 (1969).

[1]    What remedy at law is available to the plaintiff who seeks to compel compliance with a provision for periodic alimony payments in a separation agreement that has not been made part of a divorce judgment? The facts of this case are illustrative of the answer to that question. The plaintiff must wait until payments have become due and the obligor has failed to comply. Plaintiff must then file suit for the amount of accrued arrearage, reduce her claim to judgment, and, if the defendant fails to satisfy it, secure satisfaction by execution. As is so often the case, when the defendant persists in his refusal to comply, the plaintiff must resort to this remedy repeatedly to secure her rights under the agreement as the payments become due and the defendant fails to comply. The expense and delay involved in this remedy at law is evident. The nature of the contract, *i.e.,* providing for the plaintiff's basic subsistence, is such that the remedy available at law involves unusual and extreme hardship.

The adequacy of the remedy at law must be evaluated in a relative sense, treating the contract in a particular case "as one of a class, and the inquiry is whether, in agreements generally of that kind, the terms or relations of the parties are such that the legal remedy of damages is adequate or inadequate." *Pomeroy's Specific Performance of Contracts,* § 27, pp. 89-90 (3d ed. 1926). The *Restatement of the Law of Contracts,* § 361, p. 646 sets forth the factors involved in the determination of the adequacy of remedies at law when specific performance of a contract is

sought. Subsections (c) and (e) are pertinent to our consideration. Subsection (c) focuses on "the difficulty, inconvenience, or impossibility of obtaining a duplicate or substantial equivalent of the promised performance by means of money awarded as damages." Plaintiff here contracted for payment of support at regular stated intervals until her remarriage or death. Requiring her to bring successive lawsuits to recover in a piecemeal fashion the sums due can hardly be viewed as a duplicate or substantial equivalent of the promised performance. Subsection (e) focuses on "the probability that full compensation cannot be had without multiple litigation." This factor goes to the heart of the inadequacy of plaintiff's remedy at law as discussed *supra* and, in an appropriate situation, is a sound basis for the granting of equitable relief. *See Sanford v. Boston Edison Co.*, 316 Mass. 631, 56 N.E. 2d 1 (1944).

[2] The trial judge erred in excluding the evidence tendered by plaintiff of defendant's income, assets, and liabilities. The excluded evidence has been summarized in the statement of facts and will not be repeated here. That evidence shows a deliberate pattern of conduct by defendant to defeat plaintiff's rights under their separation agreement. Execution upon plaintiff's judgments for arrearages cannot be enforced upon the property of defendant's second wife. Defendant deliberately, each payday, places his income out of reach of plaintiff's remedies at law.

[1] Because we consider the available remedy at law for the enforcement of a separation agreement not incorporated into a judicial decree to be inadequate, we hold that plaintiff is entitled to a decree of specific performance ordering defendant to comply with the agreement. The defendant has made no payments since 15 July 1975. There is nothing in the record which would indicate that he intends to make payments due in the future.

1 *Pomeroy's Equity Jurisprudence*, § 252, p. 500 (5th ed. 1941) considers the general rule that equitable relief will be granted when the plaintiff is suffering a continuing trespass to his property or interference with a legal right. It is also observed:

> "[t]here are some other special instances in which a court of equity has interfered and determined the entire controversy by one decree, in order to prevent a multiplicity of suits where otherwise the plaintiff would be compelled to bring

several actions at law against the same adversary and with respect to the same subject matter."

Cited in support of this statment is *Fleming v. Peterson*, 167 Ill. 465, 47 N.E. 755 (1897), in which the Illinois Supreme Court held that alimony provisions of a separation agreement are enforceable by a decree for specific performance because plaintiff's remedy — bringing multiple actions at law — was inadequate. Courts in a number of other jurisdictions have also held that alimony and support provisions of a separation agreement are enforceable by a decree ordering specific performance. *Strasner v. Strasner*, 232 Ark. 478, 338 S.W. 2d 679 (1960); *Burke v. Burke*, 32 Del. Ch. 320, 86 A. 2d 51 (1952); *Doerfler v. Doerfler*, D.C. App., 196 A. 2d 90 (1963); *Hagen v. Viney*, 124 Fla. 747, 169 So. 391 (1936); *Lorant v. Lorant*, 366 Mass. 380, 318 N.E. 2d 830 (1974); *Zouck v. Zouck*, 204 Md. 285, 104 A. 2d 573 (1954); *Schlemm v. Schlemm*, 31 N.J. 557, 158 A. 2d 508 (1960); *Annot.* 154 A.L.R. 323; 81 C.J.S., Specific Performance, § 99, pp. 932-33. The rationale underlying these decisions is sound and reinforces our conclusion that plaintiff's remedy at law is inadequate.

The decision of the Court of Appeals is reversed, and this case is remanded to the Court of Appeals for further remand to Superior Court, Wake County, for entry of a decree ordering defendant to specifically perform his support obligations under the separation agreement, both as to the arrearages and future payments.

Reversed and remanded with instructions.