ROBERT WYLIE GIBSON, JR. v. NANCY JANE RANDALL GIBSON

No. 8028DC76

(Filed 7 October 1980)

**Divorce and Alimony § 21; Husband and Wife § 13– alimony provisions of separa-
tion agreement – specific performance pending trial on merits**

> The trial court had authority to grant specific performance of the ali-
> mony provisions of a separation agreement in order to preserve the status
> quo pending final determination of the merits of an action on the agreement.

APPEAL by plaintiff from *Styles, Judge.* Judgment and
Order entered 5 September 1979 in District Court, BUNCOMBE
County. Heard in the Court of Appeals at Waynesville on 27
August 1980.

The parties entered into a separation agreement on 16
November 1977, which provided, among other things, that de-
fendant was to have primary custody, care, and control of the
two minor children. The agreement further provided that a
move by the defendant wife to a place where the husband could
not conveniently visit with the children at frequent intervals
would constitute a substantial change of circumstances and
either party could initiate a proceeding to determine visitation
rights.

The wife, whose support payments terminate 1 November
1980, moved to Carrboro and entered the University of North
Carolina at Chapel Hill on 15 June 1979. Plaintiff husband then
brought this action seeking custody of the children. Defendant
answered, asking for specific performance of the contract embod-
ied in the separation agreement. The trial judge entered a
judgment allowing joint custody of the children, ordering each
party to share in transportation costs for visitation, and requir-
ing plaintiff husband to comply with the child support provi-
sions of the separation agreement. No exceptions were taken to
this judgment.

In addition, the court entered a separate order finding as
fact that the parties had entered into a separation agreement
which provided for support payments, finding that plaintiff
father had not made the monthly alimony payments for June
and July 1979 and previously had said that he will make no
further payments. The court then concluded that the move by

defendant to Carrboro did not constitute a breach of the separation agreement and specifically ordered plaintiff to comply with the alimony provisions of the separation agreement pending final trial of the case on its merits. Plaintiff appealed.

*Riddle, Shackelford & Hyler, by Robert E. Riddle, for plaintiff appellant.*

*Meyressa H. Schoonmaker for defendant appellee.*

HILL, Judge.

Our Supreme Court has concluded that a decree of specific performance is appropriate in an action for the enforcement of a separation agreement not incorporated into a judicial decree of divorce. *Moore v. Moore*, 297 N.C. 14, 252 S.E. 2d 735 (1979). We are now faced with the question of whether *Moore* authorizes the trial judge to grant specific performance of a separation agreement in order to preserve the status quo pending final determination of the merits at trial. We conclude that *Moore* applies in this situation, and that the grant of specific performance was appropriate.

Justice Brock, in Moore, citing *Bell v. Smith Concrete Products, Inc.*, 263 N.C. 389, 139 S.E. 2d 629 (1965), as authority, stated that the equitable remedy of specific enforcement of a contract is available only when the plaintiff can establish that an adequate remedy at law does not exist.

Plaintiff husband urges that an adequate remedy does exist, and that a marital separation agreement is generally subject to the same rules of law with respect to enforcement as any other contract. *See Stanley v. Stanley*, 226 N.C. 129, 133, 37 S.E. 2d 118 (1946). Plaintiff then attempts to distinguish *Moore* from the present case by pointing to the defendant's offensive acts in *Moore* by which he attempted to circumvent his former wife's ability to collect the support payments and effectively rendered himself judgment proof.

In the case before us, plaintiff contends there is no evidence before the court which would indicate that the controversy involves more than a simple breach of contract wherein the opposing party exercises a position of rescission. Plaintiff points out that defendant wife has made no effort to enforce her rights before seeking an order to enforce specific performance.

The Court, in *Moore*, indicated that it considered a separation agreement more than a contract to pay money. It is rather a contract to provide maintenance for a dependent spouse on a regular basis. In *Moore* the Court recognized that to require a servient spouse to wait until support payments come due, then enter suit on each payment, await trial, and possibly be delayed through an execution sale does not provide an adequate remedy at law.

> An adequate remedy is not a partial remedy. It is a full and complete remedy and one that is accommodated to the wrong which is to be redressed by it. *It is not enough that there is some remedy at law; it must be as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.*

*Moore*, at p. 16; *Sumner v. Staton*, 151 N.C. 198, 201, 65 S.E. 902, 904 (1909).

This Court has held that an interlocutory injunction ordering specific performance of a contract pending final trial may be an appropriate ruling. *Resources, Inc. v. Insurance Co.*, 15 N.C. App. 634, 190 S.E. 2d 729 (1972). In a society such as ours, when bills come due on given dates, a dependent spouse must have cash in hand. Requiring successive lawsuits to recover in a piecemeal fashion the sums due can hardly be called an adequate remedy.

Finally, it should be stressed that the separation agreement does not prohibit the defendant's moving; it only gives the plaintiff the right to bring an action for custody if the defendant does move. This situation is admitted by both parties and does not require a jury determination.

We have examined the record and conclude the defendant has met the statutory requirements for a grant of injunctive relief. G.S. 1A-1; Rule 65. We are not impressed with the appellant's argument that the order of the trial judge effectively blocked a jury determination of the issue.

The judgment entered in the trial court is

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.