VIRGINIA H. McDOWELL v. GEORGE E. McDOWELL

No. 8118DC404

(Filed 15 December 1981)

**Divorce and Alimony § 21; Husband and Wife § 13— separation agreement — enforcement by specific performance**

       The trial court could properly enter summary judgment ordering specific performance by defendant of provisions of a separation agreement requiring defendant to pay $150 per month to plaintiff for support, especially where plaintiff had two unsatisfied judgments against defendant for sums due under the separation agreement.

APPEAL by defendant from *John, Judge.* Judgment entered 5 December 1980 in District Court, GUILFORD County. Heard in the Court of Appeals 7 December 1981.

The parties entered into a separation agreement on 3 August 1970, which provided, among other things, that the defendant would pay the sum of $125.00 per month support to his wife until the then existing indebtedness on the homeplace was paid and thereafter would pay the sum of $150.00 per month to his wife for the rest of her life or until her remarriage. In August 1974 a judgment was entered against the defendant ordering him to pay $1,000 to plaintiff and in November 1979 a judgment was entered against defendant for $12,042.00 pursuant to the terms of the separation agreement. On 17 January 1979 execution was issued against defendant on a truck owned by him from which plaintiff received the sum of $500. The defendant has paid no support pursuant to the agreement since the entry of the last judgment in November 1979.

Plaintiff filed a complaint 28 April 1980 seeking specific performance of the obligations of the separation agreement. From an order granting plaintiff's motion for summary judgment in the form of a writ of specific performance, defendant appealed.

*Charles L. Cromer for the plaintiff-appellee.*

*Donald L. Boone for the defendant-appellant.*

MARTIN (Robert M.), Judge.

Defendant's sole assignment of error is that summary judgment linked with a writ of specific performance should not have been allowed in a matter of contract law. We disagree.

The purpose of summary judgments is to bring litigation to an early decision on the merits without the delay and expense of trial where it can be demonstrated that no material facts are in issue. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). It is to eliminate formal trials where only questions of law are involved. If there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law, summary judgment should be granted. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976).

In this case the facts are not in dispute that the defendant has a contractual obligation arising out of a separation agreement to pay to plaintiff the sum of $150.00 per month and he has failed so to do. The defendant does not raise any triable issue of fact; therefore, plaintiff's motion for summary judgment was properly granted. *In re Will of Edgerton*, 29 N.C. App. 60, 223 S.E. 2d 524, disc. rev. denied, 290 N.C. 308, 225 S.E. 2d 832 (1976).

The plaintiff in this case was granted a writ of specific performance rather than a money judgment. The law is clear in North Carolina that if a husband does not perform his part of a valid separation agreement, which has not been incorporated into a court order, the wife may obtain from the court a decree of specific performance of the separation agreement which is enforceable through contempt proceedings. *Moore v. Moore*, 297 N.C. 14, 252 S.E. 2d 735 (1979); 2 R. Lee, N.C. Family Law § 201 (4th Ed. 1980).

The defendant husband attempts to distinguish *Moore* from the present case by pointing to the defendant's offensive acts in *Moore* by which he attempted to circumvent his former wife's ability to collect the support payments and effectively rendered himself judgment proof. This is the same issue this Court considered in *Gibson v. Gibson*, 49 N.C. App. 156, 270 S.E. 2d 600 (1980) in which the Court held that specific performance was an appropriate remedy.

The *Gibson* court quoted *Moore*, saying that a separation agreement was more than a contract to pay money. In *Moore* the Court recognized that to require a dependent spouse to wait until support payments come due, then enter suit on each payment, await trial, and possibly be delayed through an execution sale, does not provide an adequate remedy at law.

An adequate remedy is not a partial remedy. It is a full and complete remedy and one that is accommodated to the wrong which is to be redressed by it. *It is not enough that there is some remedy at law; it must be as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.*

*Moore* at 16; 252 S.E. 2d 738; *Sumner v. Staton,* 151 N.C. 198, 201, 65 S.E. 902, 904 (1909).

The plaintiff in the present case had two unsatisfied judgments against defendant for sums due under the separation agreement. Specific performance was an appropriate remedy by which to enforce her rights.

The judgment entered in the trial court is

Affirmed.

Chief Judge MORRIS and Judge HEDRICK concur.