BARBARA STEWART v. HARRY LEE STEWART

No. 8212DC321

(Filed 1 March 1983)

1. **Divorce and Alimony § 21; Duress § 1— action to enforce separation agreement—defense of duress—summary judgment for plaintiff proper**

   In an action to enforce a separation agreement where defendant alleged a defense of duress in entering the agreement, the trial court properly granted plaintiff's motion for summary judgment where defendant's pleadings and forecast of evidence tended to show only that plaintiff had threatened to prosecute him for assault but failed to establish that plaintiff's threats of prosecution on the alleged assault charge were made with a corrupt intent to coerce a

transaction grossly unfair to defendant and not related to the subject of such proceedings.

**2. Divorce and Alimony § 21.2— enforcement of separation agreement — specific performance proper**

  The trial court did not err in ordering specific performance of a separation agreement where defendant failed to establish his alleged defense of duress and where defendant was only one payment in arrears.

APPEAL by defendant from *Cherry, Judge.* Judgment entered 15 February 1982 in District Court, CUMBERLAND County. Heard in the Court of Appeals 10 February 1983.

Defendant appeals from summary judgment for plaintiff in an action to enforce a separation agreement.

*Smith & Dickey, by W. Ritchie Smith, Jr., for plaintiff appellee.*

*Brady, Jackson & Peck, by Richard W. Jackson, for defendant appellant.*

WHICHARD, Judge.

I.

Plaintiff alleged that she and defendant entered a separation agreement on 5 June 1981; that defendant failed to abide by its terms in that he was delinquent in his alimony payments, and had stated that he would not comply; and that she did not have an adequate remedy at law for enforcement. She prayed, *inter alia,* that the agreement be incorporated into a court order, and that defendant be required specifically to perform its provisions.

Defendant admitted entering the agreement, but pled that he was without counsel and that the agreement was not a valid contract because he entered it under duress. He alleged that plaintiff "had through the use of duress and the threat of an impending criminal action intimidated, and through the use of coercive pressure and duress caused [him] to enter into said Agreement . . . ." He further alleged that defendant, by using duress to effect execution of the agreement, was "seeking to take inequitable advantage of [him] and force upon him both an intolerable and unconscionable burden . . . ." In response to a request for admissions, plaintiff denied that she had used duress to coerce execution of the agreement.

## II.

Plaintiff moved for summary judgment. By affidavit in support of the motion she averred that her attorney had prepared documents for her and defendant to sign; that defendant had read the documents and requested certain changes; that she had agreed to the changes, her attorney had redrafted the agreement to reflect them, and the parties had then signed the agreement. She further averred that no criminal action against defendant was then pending, and that she "did not ever cause any criminal process to be issued for the purpose of exerting pressure or duress upon the Defendant." She stated: "Any warrants brought . . . were . . . to stop the constant harassment and threats of the Defendant and in an effort to prevent further vandalism of [my] house and car."

Defendant's reply denied that plaintiff was entitled to summary judgment, again alleged his defense of duress, and asked "that the matter be tried to a jury as to the existence of a genuine issue." His affidavit in response to the motion reasserted that when he entered the agreement he was "operating under duress, in that the Plaintiff . . . was threatening to bring criminal charges against [him] for an incident which allegedly occurred on May 27, 1981, at which time the Plaintiff alleges that the Defendant did assault the Plaintiff in violation of G.S. 14-33(b)(2)." He averred that a warrant for that offense was issued on 6 August 1981, and

> [t]hat although the alleged incident occurred on the 27th day of May, 1981, the Plaintiff continu[al]ly pressured the Defendant that criminal charges were instigated [sic] and that, in fact, on June 5, 1981, the Defendant was advised that if he did not sign said Separation Agreement he would, in fact, be arrested.

## III.

The court found no genuine issue as to any material fact and concluded that plaintiff was entitled to judgment as a matter of law. It ordered the agreement incorporated into its decree, and that defendant specifically perform the terms thereof.

Defendant appeals, and we affirm.

IV.

**[1]** It is axiomatic that "[t]he court properly granted [plaintiff's] motion if the pleadings and affidavits demonstrate that no genuine issue as to any material fact exists and that defendant is entitled to judgment as a matter of law." *Cone v. Cone,* 50 N.C. App. 343, 345, 274 S.E. 2d 341, 343, *disc. rev. denied,* 302 N.C. 629, 280 S.E. 2d 440 (1981). The principle that "[a] threat to do what one has a legal right to do cannot constitute duress" was, for many years, well established in our jurisprudence. *Kirby v. Reynolds,* 212 N.C. 271, 282, 193 S.E. 412, 419 (1937). *See also Bakeries v. Insurance Co.,* 245 N.C. 408, 419, 96 S.E. 2d 408, 416 (1957); *Bank v. Smith,* 193 N.C. 141, 144, 136 S.E. 358, 359 (1927). A *wrongful* or *unlawful* act or threat, which deprived a party of the exercise of free will, was an essential element of duress. *Link v. Link,* 278 N.C. 181, 194, 179 S.E. 2d 697, 705 (1971).

Defendant here neither pled nor forecast evidence tending to prove that plaintiff had no legal right to prosecute him for assault. Under the foregoing principles, then, his alleged defense of duress would fail.

V.

"The law with reference to duress has, however, undergone an evolution favorable to the victim of oppressive action or threats." *Link,* 278 N.C. at 194, 179 S.E. 2d at 705. Our Supreme Court has followed this evolving trend by adopting the rule, supported by the weight of modern authority,

> that the act done or threatened may be wrongful even though not unlawful, *per se*; and that the threat to institute legal proceedings, criminal or civil, which might be justifiable, *per se,* becomes wrongful, within the meaning of this rule, if made with the corrupt intent to coerce a transaction grossly unfair to the victim and not related to the subject of such proceedings.

*Id. See generally* 25 Am. Jur. 2d, Duress and Undue Influence, §§ 15, 16; 17 C.J.S., Contracts, § 175. *See also* Sharp, *Divorce and the Third Party: Spousal Support, Private Agreements, and the State,* 59 N.C. L. Rev. 819, 837-38 (1981).

Judged by this standard, defendant's pleadings and forecast of evidence remain insufficient to establish a genuine issue of fact

as to duress. Nothing therein tends to establish that plaintiff's threats of prosecution on the alleged assault charge were "made with the corrupt intent to coerce a transaction grossly unfair to [defendant] and not related to the subject of such proceedings." *Link*, 278 N.C. at 194, 179 S.E. 2d at 705. Defendant's pleadings and affidavits were not explicit as to plaintiff's intent in threatening the assault prosecution. Assuming that they implicitly allege and forecast evidence of the requisite corrupt intent, they do not allege and forecast evidence tending to establish that the transaction allegedly coerced was "grossly unfair to [defendant] and not related to the subject of [the threatened assault] proceedings." While defendant alleged that the alimony provisions of the settlement would consume twenty-eight percent of his gross earnings, that standing alone is not "grossly unfair" to defendant; and he has forecast no evidence tending to show particular circumstances which render it grossly unfair.

## VI.

G.S. 1A-1, Rule 9(b) requires that the circumstances constituting the defense of duress be pled with particularity. *Link* places, on a party resisting a summary judgment motion through an alleged defense of duress by threat of legal proceedings, the further burden of forecasting evidence showing with particularity circumstances which tend to indicate that the alleged threats were "made with the corrupt intent to coerce a transaction grossly unfair to the victim and not related to the subject of such proceedings." Sound policy considerations support this approach. Were the burden otherwise, amorphous allegations and forecasts of evidence of duress, frivolous in nature, could consume valuable court time, delay resolution of disputes, and tend to force settlements less than equitable to the party accused of duress.

## VII.

Because defendant failed to carry this burden, he established no genuine issue of material fact as to whether he entered the separation agreement under such duress as to render it an invalid contract. Plaintiff had pled and forecast evidence of the existence of a valid contract. Absent the alleged defense of duress, no genuine issue of material fact existed, and plaintiff was entitled to judgment as a matter of law. The court thus did not err in grant-

ing summary judgment. G.S. 1A-1, Rule 56(c). *See McDowell v. McDowell,* 55 N.C. App. 261, 284 S.E. 2d 695 (1981); *Cone, supra.*

## VIII.

[2] Defendant contends the court erred in ordering specific performance of the agreement. It is now well established in this jurisdiction that alimony and support provisions of a separation agreement are enforceable by a decree ordering specific performance. *See Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979); *McDowell, supra; Gibson v. Gibson,* 49 N.C. App. 156, 157, 270 S.E. 2d 600, 601 (1980). *See also* Note, *DOMESTIC RELATIONS-Enforcement of Contractual Separation Agreements By Specific Performance-Moore v. Moore,* 16 Wake Forest L. Rev. 117 (1980). Defendant nevertheless argues that specific performance should not issue where the agreement was entered as a result of duress. We have held, *supra,* that defendant failed to establish his alleged defense of duress; and we thus reject this contention.

## IX.

Defendant also contends specific performance should not issue because plaintiff only alleged that he was one alimony payment in arrears, he alleged that he had placed this payment in escrow pending determination of the validity of the separation agreement, and thus plaintiff has shown no deliberate pattern of conduct designed to defeat her rights under the agreement.

Plaintiff alleged, however, that defendant had stated that he would not comply with the terms of the agreement. Further, no valid reason appears for compelling a party to accumulate arrearages before seeking specific performance. The breacher's initial failure to comply establishes the inadequacy of the breachee's remedy at law. To make iteration of breach prerequisite to equitable relief would afflict the equitable remedy with the very inadequacy it was designed to amend. Given plaintiff's allegation regarding defendant's statement of intent not to comply, and defendant's failure to make a payment when due, we find no abuse of the court's discretion in ordering specific performance. *See Harris v. Harris,* 50 N.C. App. 305, 313-14, 274 S.E. 2d 489, 494, *disc. rev. denied and appeal dismissed,* 302 N.C. 397, 279 S.E. 2d 351 (1981).

---

Affirmed.

Judges ARNOLD and HILL concur.