MORROW v. MORROW

[103 N.C. App. 787 (1991)]

———————————

THOMAS A. MORROW, PLAINTIFF v. CAROLYN M. MORROW, DEFENDANT

No. 907DC1239

(Filed 20 August 1991)

**Divorce and Separation § 38 (NCI4th) — separation agreement — child support during post-secondary education — specific performance**

    The trial court correctly concluded that it did not have jurisdiction to hear defendant's motion in the cause for specific performance of provisions of a separation agreement that were not part of any court order. A separation agreement which is not incorporated into a court order remains a contract between the parties and is enforceable only as an ordinary contract. While the court had authority to enforce or modify the provisions of the agreement while the parties' son was a minor, defendant alleges here that plaintiff is contractually obligated to support a child who is no longer a minor. N.C.G.S. § 1A-1, Rule 3.

    **Am Jur 2d, Divorce and Separation §§ 847, 1020, 1021, 1079.**

Judge GREENE concurring.

APPEAL by defendant from order entered 27 August 1990 by *Judge Albert S. Thomas, Jr.,* in EDGECOMBE County District Court. Heard in the Court of Appeals 5 June 1991.

Plaintiff and defendant married on 22 June 1968 and divorced on 15 November 1976. The parties have a son born 12 May 1971. On 4 November 1975 the parties entered a separation agreement

which was not submitted to any court for approval and was not incorporated into any court order. Defendant filed a motion in the cause on 17 August 1990 that alleged that the plaintiff had failed to support the parties' son while he pursued his post-secondary education as provided in the agreement. Defendant sought specific performance. The trial court concluded that it did not have jurisdiction to hear the matter and the defendant's motion in the cause for specific performance was dismissed. Defendant appeals.

*William W. Aycock, Jr. for plaintiff-appellee.*

*Moore, Diedrick, Carlisle & Hester, by J. Edgar Moore, for defendant-appellant.*

EAGLES, Judge.

The sole issue presented in this case is whether the trial court erred in concluding that it did not have jurisdiction to hear defendant's motion in the cause for specific performance of provisions of a separation agreement that were not a part of any court order. We hold that the court did not err and affirm the order of the trial court.

Defendant is correct when she contends that in some cases a court may order the specific performance of a separation agreement that has not been made part of a divorce decree. Defendant cites a number of cases, including *Moore v. Moore*, 297 N.C. 14, 252 S.E.2d 735 (1979), which stand for that proposition.

While we agree that specific performance may be an available remedy, we do not agree with defendant's argument that here "the court ruled that since it was a separation agreement, that there was a remedy at law and therefore the court had no jurisdiction to order specific performance."

The court found as follows:

The defendant by her *Motion* seeks to enforce a provision of the Separation Agreement, which has not been incorporated into a Court Order, but rather has remained a contract between the parties. As such it is enforceable only as an ordinary contract and this Court is without jurisdiction to hear the matter.

(Emphasis added.) When a separation agreement is not incorporated into a court order and remains a contract between the parties, it is enforceable only as an ordinary contract. *DeGree v. DeGree,*

72 N.C. App. 668, 325 S.E.2d 36, *disc. review denied*, 313 N.C. 598, 330 S.E.2d 607 (1985). An exception to this rule is that "parents cannot in a separation agreement, or any other contract, enter into an agreement dealing with the custody and support of their children which will deprive the court of its inherent as well as statutory authority to protect the interests and provide for the welfare of minors." 2 R. Lee, *N.C. Family Law* § 189 (1980). While the parties' son was a minor, the court had authority to enforce or modify the provisions of the separation agreement, and the parties could properly bring a motion in the cause.

Here, however, defendant alleges that plaintiff is contractually obligated to support the parties' child who is no longer a minor. G.S. 1A-1, Rule 2 provides: "There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action." G.S. 1A-1, Rule 3 sets out the way to commence a civil action. Rule 3 makes no provision for a motion in the cause to enforce a contract. Accordingly, on this record we hold that the trial court correctly concluded that it was without jurisdiction to hear defendant's motion in the cause.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judge LEWIS concurs.

Judge GREENE concurs in the result in a separate concurring opinion.

Judge GREENE concurring in the result.

I concur, for different reasons, that the trial court was without jurisdiction to hear defendant's motion for specific performance of the separation agreement.

The action in which defendant's motion for specific performance was filed was established in 1976 when plaintiff filed for a divorce. Because there was a child born of the marriage between plaintiff and defendant, that action remained pending until 13 August 1990, the date on which the trial court terminated the plaintiff's obligation to pay child support on the grounds that the child was nineteen years old and had graduated from high school. *See Blackley*

*v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974) (trial court "acquires jurisdiction over the custody of the unemancipated children of the marriage" when a divorce action is brought and it continues until children are emancipated). Therefore, there existed no pending action on 17 August 1990 in which to file a motion for specific performance and the trial court was without jurisdiction to entertain such a motion. *See* 60 C.J.S. *Motions and Orders* § 3 (1969) (a "motion implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause . . .").