SALVATORE CORDARO v. J. A. SINGLETON, JR. AND VIRGINIA SINGLETON v. JUANITA CORDARO

No. 764DC465

(Filed 17 November 1976)

**1. Trial § 58— non-jury trial — presumption court disregarded incompetent evidence**

In non-jury trials it is presumed that the trial judge disregarded any incompetent evidence that may have been admitted unless there is some indication in the judgment that the court relied upon the incompetent evidence.

**2. Evidence § 36— statements by agent**

A principal is bound by statements made by an agent acting within the scope of his authority and in the course of his agency.

**3. Evidence § 32; Vendor and Purchaser § 11— parol evidence rule — statements and conduct of parties — meaning of "inability to get financing"**

Evidence of statements and conduct of the parties to a real estate purchase agreement, both before and after execution of the agreement, was admissible to explain an ambiguous handwritten term added to the form agreement stating that "Inability to get financing on the basis of credit will void this contract," and the evidence supported the court's determination that the parties intended the handwritten term to encompass a failure to obtain an adequate amount of financing as well as a failure to obtain credit because of personal credit history.

**4. Evidence § 32— parol evidence rule — conduct after execution of contract**

Evidence of conduct by the parties after executing a contract is not subject to the parol evidence rule and is admissible to show intent and meaning.

**5. Principal and Agent § 5— apparent authority of real estate agent**

A real estate agent with whom property was listed for sale had apparent authority to contract on behalf of the sellers for a sale of the property.

APPEAL by defendants, J. A. Singleton, Jr. and Virginia Singleton, from *Crumpler, Judge.* Judgment entered 20 January 1976 in District Court, ONSLOW County. Heard in the Court of Appeals 13 October 1976.

Plaintiff seeks to recover $1,500.00 deposited with defendants under a purchase agreement for a house and lot in Cape Carteret known as the "R. L. Pittman house." The "Purchase Agreement" dated 9 December 1973 contained a description of the realty and the following terms:

"Lot Price ............... $55,000

\*   \*   \*

DEPOSIT ..................... $ 1,500   DATE   *10 Dec. 1973*

BALANCE OF DOWN
PAYMENT DUE/OR
FORFEIT ..................... $53,500   DATE   *10 Jan. 1974*

THREE ANNUAL
PAYMENTS (Plus
3% interest) ............. *$ Cash*   Seller to give warranty deed. Title to be clear of liens.

*Inability to get financing on the basis of credit will void this contract."*

The agreement was signed by plaintiff, his wife, Juanita Cordaro, J. A. Singleton, Jr. and his wife, Virginia Singleton. The italicized portions were handwritten in the agreement by Tom Singleton, realtor and son of defendants.

Plaintiff alleged that he was unable to get financing and so notified defendants, but that defendants refused to return the $1,500 deposit to him.

Defendants denied plaintiff was entitled to recover the deposit, counterclaimed for breach of contract and the recovery of $1,500, made Juanita Cordaro a third-party defendant, and alleged against her and plaintiff a cross action for breach of contract and damages of $1,500.

At trial without a jury the plaintiff and his wife, third-party defendant, testified. The evidence is summarized in the

opinion. Defendants offered no evidence. The trial court made findings of fact, including a finding that the " 'Purchase Agreement' . . . and the subsequent conduct of the parties manifested clear intent of the parties that the $1,500.00 deposit would be returned to the plaintiff if the plaintiff was unable to secure financing." The court concluded that plaintiff and third-party defendant had not breached the contract and entered judgment for plaintiff in the sum of $1,500.00, plus interest at the rate of 8% per annum from 10 January 1974 until paid.

Defendants excepted to the findings of fact and conclusions of law and appealed.

*Cameron and Collins by William M. Cameron, Jr. for plaintiff appellee.*

*Taylor and Marquardt by Nelson W. Taylor for defendant appellants.*

CLARK, Judge.

The issue upon appeal is whether the trial court erred in finding that the contract term "Inability to get financing on the basis of credit will void this contract" encompassed a failure to obtain an adequate amount of financing.

[1] Defendants contend there is no competent evidence to support the court's findings of fact. In non-jury trials it is presumed that the trial judge disregarded any incompetent evidence that may have been admitted, unless there is some indication in the judgment that the court relied upon the incompetent evidence. *Williams v. Town of Grifton and Parker v. Town of Grifton,* 19 N.C. App. 462, 199 S.E. 2d 288 (1973).

The allegedly incompetent evidence on which the trial court relied is the testimony by plaintiff and his wife to statements made by them and by Tom Singleton during the negotiations. These statements were relevant to the finding that the contract was signed "with the understanding that if plaintiff could not get financing his cash deposit would be refunded."

[2] Although the testimony to statements made by Tom Singleton is clearly hearsay, it is admissible if he were an agent of the defendants. (The agency issue is treated later.) A principal is bound by statements made by an agent acting within the scope of his authority and in the course of his agency.

*Norburn v. Mackie,* 262 N.C. 16, 136 S.E. 2d 279 (1964). The testimony about his statements was therefore properly admitted under the exception to the hearsay rule for admissions by a party opponent. 2 Stansbury, N. C. Evidence § 167 (Brandis Rev. 1973).

**[3]** The defendants contend that even if Tom Singleton were their agent, evidence of statements and conduct by the parties and their agents, both before and after execution, was not admissible under the parol evidence rule to vary, add to or contradict the agreement. We reject this contention in view of the ambiguous contract terms. The heart of a contract is the intention of the parties, which is to be ascertained from the language used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time. *Sell v. Hotchkiss,* 264 N.C. 185, 141 S.E. 2d 259 (1965). Where the language of a contract is plain and unambiguous the construction of the agreement is a matter of law for the court, and its terms may not be contradicted by parol or extrinsic evidence, *unless the terms of the instrument itself are ambiguous and require explanation. Root v. Insurance Co.,* 272 N.C. 580, 158 S.E. 2d 829 (1968).

We do not find plain and clear the language "Inability to get financing on the basis of credit will void this contract." There is doubt and uncertainty as to the meaning of this language. In order to clarify this ambiguous term, relevant, extrinsic evidence to clarify its terms was properly admitted.

The "Purchase Agreement" was in the nature of a printed form memorandum. The sentence "Inability to get financing on the basis of credit will void this contract" was added to the printed form after a discussion between Tom Singleton and plaintiff and his wife, during which plaintiff expressed concern about obtaining adequate financing. The evidence discloses that this sentence was written in the printed agreement by Tom Singleton, that he did so at the request of the Cordaros to protect them against loss of the $1,500 deposit if they were unable to get financing. It is not clear whether the language inserted was dictated by them or was the language of the writer.

**[4]** Evidence of conduct by the parties after executing the contract is not subject to the parol evidence rule, and is admissible to show intent and meaning. *Preyer v. Parker,* 257 N.C. 440, 125 S.E. 2d 916 (1962). The evidence discloses that to purchase

the house and lot the plaintiff needed a long-term mortgage loan, and so advised Tom Singleton, who referred plaintiff to Co-operative Saving and Loan Association in Jacksonville, and that plaintiff made an application to Cooperative for a mortgage loan of $45,000. Plaintiff expected to obtain the balance of $8,500 from his brother to add to his $1,500 deposit. Plaintiff made a reasonable effort to obtain financing. He was unable to obtain a loan in any amount by 10 January 1974, the due date in the agreement. On 15 January 1974 he received notice from Cooperative that his application for a loan of $45,000 was not approved, but a loan of $40,000 was approved. The plaintiff had a conversation with Tom Singleton at the Singleton Agency office in mid-January in which he was referred to another bank for financing. He thereafter continued to seek adequate financing, including a second mortgage loan that would provide sufficient funds to pay the purchase price, but he was unsuccessful.

[3] We think that the evidence of the negotiations and of subsequent conduct in general was competent and supports the determination by the trial court that the parties intended the handwritten term of the contract to mean more than a failure to obtain credit because of personal credit history, and specifically, intended it to include a failure to obtain adequate financing.

[5] The defendants also contend that there is no competent evidence that Tom Singleton was their agent. We find no merit in this contention. The evidence tends to show that the "R. L. Pittman house" was listed for sale by the Singleton Agency of Emerald Isle. The plaintiff called the agency and arranged for a showing of the house and lot on Saturday, 10 December 1973. Plaintiff and his wife were met by Tom Singleton, who showed the property to them and advised them that the purchase price was $55,000. After discussion Tom Singleton prepared the "Purchase Agreement," and Salvatore Cordaro and wife Juanita Cordaro signed the agreement. Tom Singleton took the agreement, and it was thereafter signed by defendants Singleton, as owners of the property. Thereafter, first in mid-January and then in February 1974, the Cordaros went to the Singleton Agency office at Emerald Isle and talked with Tom Singleton, primarily about financing the purchase of the property and the return of the $1,500 deposit. The evidence was clear and uncontradicted that Tom Singleton had apparent authority to contract in behalf of defendants Singleton, the sellers of the

property. A principal who has clothed his agent with apparent authority to contract in behalf of the principal, is bound by a contract made by such agent, within the scope of such apparent authority, with a third person who dealt with the agent in good faith, in the exercise of reasonable prudence and without notice of limitations placed by the principal upon the agent's authority. *Research Corporation v. Hardware Co.*, 263 N.C. 718, 140 S.E. 2d 416 (1965). The evidence is clear that Tom Singleton had apparent authority to contract in behalf of the defendants Singleton, and they acknowledged his authority by signing the contract which he negotiated with the Cordaros.

Since plaintiff testified that he continued to seek financing after the "due date" of 10 January 1974, and did not seek a refund of the $1,500 deposit until late February 1974, the judgment is modified to provide for payment of the $1,500 with interest from the 1st day of March 1974, at the rate of six percent per annum (the legal rate under G.S. 24-1).

Modified and affirmed.

Judges BRITT and PARKER concur.