THE MUNCHAK CORPORATION (DELAWARE) AND RDG CORPORATION, A JOINT VENTURE, D/B/A THE CAROLINA COUGARS AND THE MUNCHAK CORPORATION (GEORGIA) V. JOE L. CALDWELL

No. 107

(Filed 6 January 1981)

**1. Evidence § 22— transcript of prior trial**

A transcript of testimony given at a prior trial or proceeding, if offered to prove the truth of the matters stated therein, is hearsay. However, the transcript becomes admissible as an exception to the hearsay rule upon a proper showing that (1) the witness whose testimony is sought is unavailable; (2) the testimony sought was given at an earlier trial or proceeding of the same cause; and (3) the party against whom the evidence is offered was present at the earlier trial and able to cross-examine the witness.

**2. Evidence § 22— transcript of trial on complaint — admission in trial on counterclaim without proper foundation — harmless error**

A transcript of a trial on plaintiffs' complaint in which the jury determined that the parties intended a contract to be enforceable as written, if offered to prove the truth of the matters contained therein, was hearsay and not admissible in a trial on defendant's counterclaim for specific performance of the contract absent the laying of a proper foundation for its admission. However, the trial court's admission of the transcript when offered by defendant without the laying of a proper foundation was harmless error where the counterclaim was heard by a judge without a jury; the transcript of the prior proceeding was not necessary to a determination of the propriety of specific performance of the contract; and, nothing else appearing, it is presumed that the trial court disregarded it.

ON discretionary review pursuant to G.S. 7A-31 (a) to review the decision of the Court of Appeals, reported in 46 N.C. App. 414, 265 S.E. 2d 654, affirming the judgment entered by *Mills, J.*, at the 22 March 1977 Session of GUILFORD County.

This is an action arising out of a contract entered into on 30 October 1970 between defendant Caldwell and Southern Sports Corporation. Under the contract, defendant was to render personal services as a professional basketball player and to receive certain payments and other benefits, including pension benefits. On 1 April 1971, The Munchak Corporation (Delaware), the original plaintiff in this action, acquired all of the assets of Southern Sports Corporation, including the contract for defendant's services as a professional basketball player.

Subsequently a dispute arose regarding the following provision of the contract:

5. At the time of the rendering of services to Club by

Player. Player shall be eligible for and shall receive entitlement to pension benefits from an insurance carrier acceptable to Player at least equal to the following:

(a) The sum of Six Hundred Dollars ($600.00) per month for each year of services as a professional basketball player, which sum shall be paid at age 55.

Plaintiffs Munchak Corporation (Delaware) and RDG Corporation, a joint venture d/b/a The Carolina Cougars, filed suit for reformation of the quoted portion, contending that the six-hundred-dollar provision was inserted as a result of mutual mistake of the parties. They maintained that the parties intended the amount to be only sixty dollars. Defendant filed answer denying that the parties intended any figure other than the one included in the contract as written. Defendant also counterclaimed for specific performance of the contract as written.

In July 1974, The Munchak Corporation (Georgia) was incorporated under the laws of Georgia and was a corporation entirely separate and distinct from The Munchak Corporation (Delaware). The latter corporation later assigned to the Georgia corporation the contract with defendant which is the subject of this action. On 12 November 1974, The Munchak Corporation (Georgia) was made a party to this action.

Following a pretrial conference on 10 January 1977, the trial court ordered that the issues of reformation and specific performance be tried separately. The issue of reformation was tried before a jury at the 3 January 1977 Session of Guilford Superior Court presided over by Judge Kivett. The following issues were submitted to and answered by the jury:

1. Was the following underlined language in paragraph 5 (a) of the contract included by mutual mistake of the parties?

"(a) The sum of *Six Hundred Dollars ($600.00)* per month for each year of services as a professional basketball player, which sum shall be paid at age fifty-five (55)"?

ANSWER: No.

2. Was the above paragraph as written in the contract executed by the parties on October 30, 1970, in accord

with the intention of Joe L. Caldwell at the time he signed the contract?

ANSWER: Yes.

3. Was the above paragraph as written in the contract executed by the parties on October 30, 1970, in accord with the intention of Southern Sports Corporation d/b/a The Carolina Cougars at the time its representative, Carl Scheer, signed the contract?

ANSWER: Yes.

Plaintiffs appealed from a judgment dismissing their action and the Court of Appeals affirmed. *Munchak Corporation v. Caldwell*, 37 N.C. App. 240, 246 S.E. 2d 13 (1978). We denied plaintiffs' petition for discretionary review. *Munchak Corporation v. Caldwell*, 295 N.C. 647, 248 S.E. 2d 252 (1978).

On 2 April 1979, defendant's counterclaim for specific performance came on for trial before Judge Fetzer Mills sitting without a jury. Defendant offered evidence for the most part consisting of the entire transcript of the earlier trial on the complaint. Plaintiffs objected on grounds that the evidence was hearsay and that defendant had failed to lay the proper foundation for its admission. The trial court nevertheless admitted the transcript. The Court of Appeals, in an opinion by Judge Hill concurred in by Judges Parker and Martin (Harry C.), affirmed. We allowed plaintiffs' petition for discretionary review for the limited purpose of reviewing the admissibility of the prior transcript.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Hubert Humphrey and Edward C. Winslow, III; and Powell, Goldstein, Frazier & Murphy, by Frank Love, for plaintiff appellant Munchak Corporation (Delaware).*

*Younce, Wall & Chastain, for plaintiff appellant Munchak Corporation (Georgia).*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter, James L. Gale, and Alan W. Duncan, for defendant appellee.*

BRANCH, Chief Justice.

The sole question presented for review is whether the trial court erred in permitting defendant to offer into evidence the transcript of the prior proceeding without first laying the proper foundation.

**[1]**  A transcript of testimony given at a prior trial or proceeding, if offered to prove the truth of the matters stated therein, is hearsay. *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977); *Smith v. Moore*, 149 N.C. 185, 62 S.E. 892 (1908). *See generally* 1 Stansbury's North Carolina Evidence § 145 (Brandis Rev. 1973). Nevertheless, the necessity and reliability of such evidence often override the principles underlying the hearsay rule, and the transcript becomes admissible upon a proper showing of three requisites: (1) The witness whose testimony is sought is unavailable; (2) the testimony sought was given at an earlier trial or proceeding of the same cause; (3) the party against whom the evidence is offered was present at the earlier trial and able to cross-examine the witness. *Id.*

At the proceeding on defendant's counterclaim for specific performance, the following exchange took place:

> MR. HUNTER: In view of the position of the plaintiffs, I would propose to introduce the entire transcript and they can read whatever part of it they want to subject to the same objections that were made by the parties in the trial of the case. This is all part of the same case. I don't understand Mr. Humphrey's position. He seems to be thinking this is something else.

> MR. HUMPHREY: This is a different case. This is the reformation case, and this is an entirely different case. This is a different trial, and as I say, I don't know — I don't want to introduce the whole record because if the thing goes up on appeal, I think it is sufficient to introduce such portions as you deem relevant.

> MR. HUNTER: I will let Mr. Humphrey do it like he wants to. I thought we wouldn't have to introduce any evidence. I thought it was pretty clear-cut but in view of what took place in the conference room and the position taken by the plaintiffs, which I have difficulty understanding, and if that is the position they are taking. I am not sure what their position is, based on what it was back there in chambers.

> I suppose, to be on the safe side, I will have to introduce the same thing. They are contending that there was something inequitable about this matter. *All of that was gone through in the case before. I think we should let the record*

*show that we have already gone through all of this and that their position is totally unfounded because it has already been litigated.*

At the outset, we note that it is not at all clear that the transcript was offered to prove the truth of the matters stated therein. To the contrary, it appears that the transcript was offered to prove the existence of the prior judgment and the fact that certain issues had already been litigated. If this is the case, the transcript was not hearsay.

[2] Nevertheless, for purposes of this decision, we will assume that the transcript constituted hearsay. Plaintiffs contend that it was error to admit the transcript without requiring defendant to lay a foundation as required in *Smith v. Moore, supra.* Defendant argues on the other hand, and the Court of Appeals agreed, that the two proceedings here were but two parts of the same case, and therefore the *Smith* rule should be inapplicable. In holding the transcript admissible, the Court of Appeals reasoned that, "[i]f the claim had been heard on the same day, the parties and the judge would have been cognizant of and able to rely on evidence presented on the claim for reformation . . . . To hold otherwise would be to destroy the ability of trial judges to exercise discretion by severing complicated cases into more understandable issues." 46 N.C. App. at 417, 265 S.E. 2d at 657. We disagree.

We recognize that there may well be a situation where a strict adherence to the *Smith* rule would impede or even thwart the ends of justice, or present an unnecessary obstacle to the expedient disposition of cases. However, the facts of the instant case do not compel a divergence from the well-entrenched *Smith* rule. We are not presented here with a situation in which a case is separated into issues to be heard at different times by the same judge or jury. In this case, the evidence was heard by a jury in the action on the complaint. That prior proceeding was presided over by Judge Kivett. Some two years later, the matter of defendant's counterclaim came on for trial before Judge Mills. The transcript constituted out-of-court statements, and, assuming that it was offered to prove the truth of the matters contained therein and was therefore hearsay, we hold that under the rule of *Smith v. Moore, supra,* it was inadmissible absent the laying of a proper foundation. Since defendant failed to lay the requisite foundation, the admission of the transcript was error.

Nevertheless, we find that the error was harmless. The proceeding at which the transcript was admitted was before a judge sitting without a jury. In such a case, "the ordinary rules as to the competency of evidence applied in a trial before a jury are to some extent relaxed, for the reason that the judge with knowledge of the law is able to eliminate from the testimony he hears that which is immaterial and incompetent, and consider only that which tends properly to prove the facts to be found." *Cameron v. Cameron*, 232 N.C. 686, 690, 61 S.E. 2d 913, 915 (1950). It is therefore presumed that the court disregards the incompetent evidence, and if the court's findings are supported by competent evidence, they will be sustained. *Wood-Hopkins Contracting Co. v. Ports Authority*, 284 N.C. 732, 202 S.E. 2d 473 (1974); *Cotton v. Cotton*, 269 N.C. 759, 153 S.E. 2d 489 (1967).

The remedy of specific performance is available to "compel a party to do precisely what he ought to have done without being coerced by the court." *McLean v. Keith*, 236 N.C. 59, 71, 72 S.E. 2d 44, 53 (1952). The party claiming the right to specific performance must show the existence of a valid contract, its terms, and either full performance on his part or that he is ready, willing and able to perform. 71 Am. Jur. 2d "Specific Performance," §207 (1973). Disregarding the incompetent evidence in the case at bar, there was sufficient evidence of the three requisites to support the court's findings necessary in turn to support his award of specific performance. The existence of the contract was not in dispute, and neither was the fact of defendant's performance under its terms. The dispute over the terms of the contract had been laid to rest by the prior judgment incorporating the jury determination that the parties intended the contract to be enforceable as written. The transcript of the prior proceeding was not necessary to reach a determination of the propriety of specific performance and, nothing else appearing, we presume the trial court disregarded it. *See Wood-Hopkins Contracting Co. v. Ports Authority, supra.* We therefore hold that while it was error to admit the prior transcript, under the facts of this case, the error was harmless.

The decision of the Court of Appeals affirming the judgment of the trial court is

Modified and Affirmed.