VIRGINIA B. LALANNE v. JAMES F. LALANNE

No. 8015DC1113

(Filed 16 June 1981)

1. **Husband and Wife § 11.2— separation agreement—admissibility of parol evidence**

   The trial court did not err in admitting as evidence, over objection, correspondence and testimony regarding negotiations between the parties leading to a contract of separation, since the agreement was ambiguous with respect to the payment of ad valorem taxes, and the challenged evidence was admissible for the purpose of determining the true intent of the parties with respect to who was responsible for the payment of the county taxes.

2. **Husband and Wife § 11.2— payment of ad valorem taxes—construction of separation agreement**

   The trial court did not err in finding that defendant was obligated under a separation agreement executed by the parties to pay all the ad valorem taxes on the home of the parties where the agreement itself stated that defendant was to pay all ad valorem taxes on the house; on two occasions defendant told plaintiff that he understood he was to pay all the taxes on the property; and defendant paid all the ad valorem taxes on the property for the years 1971 through 1977.

3. **Husband and Wife § 11.2— separation agreement—alimony arrearage**

   The trial court's finding that defendant was obligated to pay an alimony arrearage of $18,200 plus interest as required by the parties' separation agreement was supported by the evidence, and though defendant sent plaintiff a bank check for the $18,200, by defendant's failure to include interest payable on the arrearage, his tender of the check did not constitute payment of the arrearage. G.S. 24-5.

4. **Husband and Wife § 11.2— separation agreement—procurement of life insurance—specific performance proper**

   The trial court did not err in ordering specific performance of a provision of the parties' separation agreement requiring defendant to procure and keep in effect a policy of life insurance for the benefit of plaintiff, and there was no merit to defendant's contention that plaintiff should wait until the death of defendant and then make claim upon his estate.

APPEAL by defendant from *Paschal, Judge.* Judgment filed 26 June 1980 in District Court, ORANGE County. Heard in the Court of Appeals 7 May 1981.

In this action plaintiff alleged that defendant breached a separation agreement executed by the parties in 1971. Plaintiff sought to recover arrearages in alimony payments and expenses

incurred for repairs to the house owned by the parties. She additionally asked for specific performance of a provision of the contract requiring defendant to provide plaintiff with a life insurance policy on his life. Defendant's answer denied the material allegations of plaintiff's complaint and asserted a counterclaim for taxes paid by defendant upon the homeplace.

At the hearing, plaintiff produced evidence in support of her claims. Defendant did not offer evidence. The trial judge entered judgment finding facts and making conclusions of law. He ordered defendant to pay the alimony arrearages plus interest, to reimburse plaintiff for the repair expenses, and to pay plaintiff the amounts due as taxes. He further required defendant to specifically perform the provision of the contract relating to the life insurance policy. Defendant appeals.

*Nichols, Caffrey, Hill, Evans & Murrelle, by William D. Caffrey and Everett B. Saslow, Jr., for plaintiff appellee.*

*Bryant, Bryant, Drew & Crill, by Victor S. Bryant, Jr., for defendant appellant.*

MARTIN (Harry C.) Judge.

[1]  Defendant argues four questions on appeal. He first contends the court erred in admitting as evidence, over objection, correspondence and testimony regarding negotiations between the parties leading to the contract of separation. The parol evidence rule provides generally that any or all parts of a transaction prior to or contemporaneous with a writing intended to record them finally, are superseded and made legally ineffective by the writing, and evidence of the earlier transactions is inadmissible. 2 Stansbury's N.C. Evidence § 251 (Brandis rev. 1973). However, if the court finds the contract, or provisions thereof, to be ambiguous, evidence of prior negotiations is admissible to show the intent of the parties. *Root v. Insurance Co.,* 272 N.C. 580, 158 S.E. 2d 829 (1968); *Cordaro v. Singleton,* 31 N.C. App. 476, 229 S.E. 2d 707 (1976).

Defendant argues that the contract clearly does not obligate him to pay the Orange County taxes on the home of the parties in Chapel Hill. It is apparent that the provision in question, paragraph 9 of the contract, is ambiguous with respect to the payment of ad valorem taxes.

9. The parties hereto agree to file joint income tax returns for so long as they are permitted by law to do so. Upon the rendering of any judgment of absolute divorce between the parties, said party of the second part [Virginia] will pay all income and property taxes on her own income, including the alimony payments provided for herein, and will pay the ad valorem taxes on the real estate above-described with the exception of the Chapel Hill ad valorem taxes mentioned above.

The ambiguity is compounded when paragraph 9 is read with paragraph 6(b), the only paragraph relating to ad valorem taxes on the Chapel Hill property.

6. At the time of the entering into of this agreement the parties hereto are at the present time owners as tenants by the entirety of a certain piece of property located in Orange County, North Carolina, and known and referred to as 907 Arrowhead Road, Chapel Hill, North Carolina. At the present time the party of the second part is residing in said homeplace.

. . . .

(b) During the term of this agreement and for so long as the above-described property continues to be held as tenants by the entirety with the party of the second part having full possession, use and control of said home, the party of the second part [Virginia] shall be responsible for the payment of all utilities and general upkeep of the home and all repairs for less than One Hundred Dollars ($100.00). The party of the first part [Jim] shall pay all ad valorem taxes due on the house as well as insurance.

As the writing leaves the meaning of the agreement uncertain, we hold the court did not err in admitting the challenged evidence for the purpose of determining the true intent of the parties with respect to who was responsible for the payment of the county taxes.

[2] Next, we consider whether the court was correct in ruling that the contract required defendant to pay the Orange County taxes on the homeplace. Defendant introduced no evidence with respect to this issue, which involves his counterclaim. The record

contains ample evidence to support the findings of fact sustaining this conclusion of law by the court. *In re Foreclosure of Deed of Trust*, 41 N.C. App. 563, 255 S.E. 2d 260, *disc. rev. denied*, 298 N.C. 297 (1979). The agreement itself states that defendant is to pay *all* ad valorem taxes on the house. Plaintiff testified that defendant told her shortly after their separation that he understood he was to pay all the taxes on the property. Again, in 1980, defendant said he knew he was to pay all the taxes, but he just wanted to get a settlement. Defendant does not deny that he paid all the taxes on the property for the years 1971 through 1977. Such evidence of statements and conduct by the parties after executing a contract is admissible to show intent and meaning of the parties. *Cordaro v. Singleton, supra.* "The conduct of the parties in dealing with the contract indicating the manner in which they themselves construe it is important, sometimes said to be controlling in its construction by the court." *Bank v. Supply Co.*, 226 N.C. 416, 432, 38 S.E. 2d 503, 514 (1946). The opinion of the great Chief Justice Stacy in *Cole v. Fibre Co.*, 200 N.C. 484, 157 S.E. 857 (1931), expounds on this rule and, in summation, reads:

> Finally, we may safely say that in the construction of contracts, which presents some of the most difficult problems known to the law, no court can go far wrong by adopting the *ante litem motam* practical interpretation of the parties, for they are presumed to know best what was meant by the terms used in their engagements.

*Id.* at 488, 157 S.E. at 859. For more than seven years defendant made no demand upon plaintiff concerning the taxes in question. Only after litigation began did he raise the issue. We hold the court did not err in finding defendant was obligated under his contract to pay all the ad valorem taxes on the home in Chapel Hill.

[3] Next, we hold that the court's finding that defendant was obligated to pay the alimony arrearage of $18,200 plus interest is supported by the evidence, and defendant's exception thereto is overruled. Findings of fact are conclusive upon appeal when supported by competent evidence even though there is evidence in the record which would sustain findings to the contrary. *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976);

*General Specialties Co. v. Teer Co.*, 41 N.C. App. 273, 254 S.E. 2d 658 (1979). Although defendant sent plaintiff a bank check for the $18,200 in December 1979, plaintiff never cashed the check and refused to accept it because it did not include interest payable on the arrearages.

Defendant does not deny that he failed to make the alimony payments during the time in question, but relies on his attempted tender of the check. Defendant contends that interest is not payable on the arrearages, but cites no authority in support of his argument. His contention is contrary to the North Carolina law, as N.C.G.S. 24-5 provides that all sums of money due by contract shall bear interest. Interest is allowable from the date of the breach. *Equipment Co. v. Smith*, 292 N.C. 592, 234 S.E. 2d 599 (1977). The tender by defendant of the check which did not include interest was not effective to stop the running of interest. *Hardy-Latham v. Wellons*, 415 F.2d 674 (4th Cir. 1968). By defendant's failure to include interest due, his tender of the check did not constitute payment of the arrearages. *Id.*

[4]   Last, we reject defendant's argument that the court erred in ordering specific performance of the contract provision requiring defendant to procure and keep in effect a policy of life insurance for the benefit of plaintiff. The Supreme Court has held that separation agreements are generally subject to the same rules of law with respect to enforcement as other contracts. *Moore v. Moore*, 297 N.C. 14, 252 S.E. 2d 735 (1979). In *Moore*, the Court expressly held that specific performance could be available as a remedy in suits for the enforcement of separation agreements even when the agreement was not incorporated into a judgment.[1] Although *Moore* was concerned with the specific performance of alimony payments, we perceive no reason why the rule should not apply to a provision requiring one spouse to secure a policy of life insurance for the benefit of the other spouse.

An adequate remedy is a full and complete remedy. That there may be *some* remedy at law does not make unavailable the equitable remedy of specific performance. *Id.* Any remedy at law for breach of a requirement to provide an insurance policy is

---

1. As the divorce decree is not included in this record on appeal, we are unable to determine whether that judgment incorporated the separation agreement, although plaintiff alleged that it did.

---

---

more illusory and inadequate than one for failure to make alimony payments. Defendant contends plaintiff should wait until the death of defendant and make claim upon his estate. Such result would force plaintiff to take her chances with the unsettled economic conditions of the future, the very problem the provision for insurance was intended to prevent. The court's ruling allowing specific performance is supported by *Munchak Corp. v. Caldwell*, 46 N.C. App. 414, 265 S.E. 2d 654 (1980), *modified on other grounds and aff'd*, 301 N.C. 689, 273 S.E. 2d 281 (1981). *Munchak* approved an order for specific performance, requiring the present funding of a pension plan by the procurement of an insurance policy.

To require defendant to provide the insurance policy, as he agreed, is not unjust. There is no evidence that it would work any hardship or injustice upon defendant, nor has it been shown that the issuance of the policy was not contemplated by the parties. The words of the contract affirmatively demonstrate that this is precisely what the parties did contemplate. Plaintiff made demand upon defendant to procure the policy, and he has refused. Specific performance is an entirely appropriate remedy under the circumstances.

The findings of fact in the judgment are supported by competent evidence and the judgment is supported by those findings and the conclusions of law. The judgment is

Affirmed.

Judges HEDRICK and WELLS concur.