LILLIAN H. ROSE v. JULIAN B. ROSE

No. 828DC1263

(Filed 17 January 1984)

Husband and Wife § 13— obligation of separation agreement — enforcement by specific performance

Defendant's obligation under a property settlement provision of a separation agreement to make arrangements to have a $100.00 payment drafted from his retirement check on a monthly basis for 39 months to pay part of a debt was properly enforced by specific performance since a damage award, defendant being insolvent, will not compensate plaintiff or compel defendant to perform his part of the bargain.

APPEAL by defendant from *Jones, Arnold O., Judge.* Judgment entered 20 July 1982 in District Court, WAYNE County. Heard in the Court of Appeals 24 October 1982.

Defendant appealed from a judgment ordering him to specifically perform a provision of a separation agreement wherein defendant, husband, had agreed to assign to plaintiff, wife, $100 from his monthly retirement check for a period of thirty-nine months for the purpose of paying part of a debt.

On 10 December 1981, plaintiff and defendant entered into a separation agreement. Paragraph 4(b) of the agreement provided in pertinent part:

Husband further agrees that he will make the necessary arrangements to have said $100.00 a month payment drafted

from and against his retirement check on a monthly basis to insure the payment of said amount.

On 16 December 1981, a consent judgment was rendered whereby the court recited the agreement of the parties and ordered defendant to pay plaintiff through an allotment check, $100 per month, to be paid on or before the tenth day of each month, commencing in January, 1982, and continuing each month thereafter through March, 1985.

On 3 March 1982, plaintiff filed a motion to have defendant held in contempt for failing to make his February 1982 payment. On 2 April 1982, the court dismissed plaintiff's motion, after concluding, as a matter of law, that the 16 December consent judgment was not an order for support, and, therefore, was not subject to the court's contempt power.

On 16 April 1982, plaintiff instituted the present action for specific performance of paragraph 4(b), *supra,* of the separation agreement. Defendant, in his answer to plaintiff's complaint, stated that the remedy of specific performance was unavailable since plaintiff had an adequate remedy of law in that she could obtain a money judgment against defendant. Defendant also stated, in his answer, that he had insufficient property to pay any money judgment and would declare all property in his possession exempt under Chapter 1C of the North Carolina General Statutes.

At the hearing on 6 July 1982, plaintiff moved to amend her complaint to allege anticipatory breach of contract and prayed for the entire sum of $3,900.00 in damages. Defendant did not object and the court granted plaintiff's motion. The court concluded that defendant had failed to make the $100 payments in February through July and to take necessary steps for his allotment to be drafted as agreed. The court further concluded that plaintiff had performed her obligations under said separation agreement and was ready, willing and able to continue doing so. The court, therefore, ordered defendant to specifically perform paragraph 4(b) of the separation agreement by paying plaintiff $100 per month for the months of February through July 1982 and by taking necessary steps to have $100 per month drafted against his retirement check on a monthly basis to insure total payment of $3,900.00. Defendant appeals from this order.

*Everett & Womble, by Timothy I. Finan, for plaintiff appellee.*

*Hulse & Hulse, by Donald M. Wright, for defendant appellant.*

VAUGHN, Chief Judge.

It is now recognized in North Carolina that a contractual obligation to pay support arising out of a separation agreement which has not been incorporated into a court order may be equitably enforced by an order of specific performance enforceable through contempt proceedings. *Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979); *McDowell v. McDowell,* 55 N.C. App. 261, 284 S.E. 2d 695 (1981). The issue in this case is whether defendant's contractual obligation to make monthly payments for a period of five years arising out of a property settlement provision of a separation agreement not incorporated into a court order was properly enforced by an order of specific performance. Defendant contends that the trial court order of specific performance in this matter constituted reversible error.

A marital separation agreement is generally subject to the same rules of law regarding its enforcement as any other contract. *Moore, supra.* To be entitled to the equitable remedy of specific performance, therefore, plaintiff must establish the inadequacy of her legal remedy. *Id.* In the instant case, the separation agreement specified that defendant would pay plaintiff $100 per month for thirty-nine months, such sum to be drafted from and against his monthly retirement check. At trial, the parties stipulated that plaintiff was entitled to a judgment on the theory of anticipatory breach for the entire amount of $3,900.00. Our inquiry is whether this remedy would adequately compensate plaintiff.

The question of adequacy is one of fact, to be analyzed and determined in each case. *Munchak Corp. v. Caldwell,* 301 N.C. 689, 273 S.E. 2d 281 (1981). It is not enough that there is some remedy at law; equity will intervene if the legal remedy is not as efficient and practical to meet plaintiff's needs. *Id.* We note that this case differs from past cases in which we have allowed specific performance where a plaintiff would otherwise have to bring successive

lawsuits or wait until defendant's death to bring a suit in order to collect a money judgment. *See Moore, supra; Lalanne v. Lalanne*, 52 N.C. App. 558, 279 S.E. 2d 25 (1981). In this case, plaintiff's damages were ascertainable in total. Nevertheless, we find the equitable remedy of specific performance to be the most practical and efficient means of compensating plaintiff.

> There is no general formula for determining when a legal remedy is inadequate. However, there are some common patterns in the cases. The legal remedy is usually inadequate, and the equitable remedy granted, in cases like these: . . . (3) The plaintiff is entitled to either money or certain performance by the defendant. Money, recoverable at law, would be an entirely adequate remedy, but the defendant is insolvent and it is not collectable. However, the defendant is still capable of rendering the performance to which the plaintiff is entitled as an alternative to the money. Equity may be willing to order the performance.

D. Dobbs, The Law of Remedies, 2.5 (1976). Defendant, though insolvent, was capable of rendering the performance for which the parties had contracted.

Defendant argues that allowing specific performance in this case will lead to unwarranted orders of specific performance in cases involving insolvent, defaulting debtors. Our decision today does not go that far. Mere insolvency of a debtor does not show the inadequacy of the remedy at law so as to invoke specific performance.

Defendant was not an ordinary debtor and the separation agreement involved herein was more than a mere agreement for the payment of money. As has been said by our sister court, such agreement was "a complete property settlement between the parties, under the terms of which defendant agrees to perform certain positive acts and plaintiff, in turn, releases defendant from further claims or demands." *Burke v. Burke*, 32 Del. Ch. 320, 327, 86 A. 2d 51, 54 (1952). In return for plaintiff's consideration, defendant agreed to "make the necessary arrangements to have said $100.00 a month payment drafted from and against his retirement check on a monthly basis to insure the payment . . ." A damage award in this case, defendant being insolvent, will not compensate plaintiff nor compel defendant to perform his part of

the bargain. The parties' contract had clear and definite terms. The remedy of specific performance, therefore, does no more than "compel [defendant] to do precisely what he ought to have done without being coerced by the court." *McLean v. Keith*, 236 N.C. 59, 71, 72 S.E. 2d 44, 53 (1952), *quoted* in *Munchak Corp., supra*, at 694, 273 S.E. 2d at 285.

The Court ordered:

2. That the Defendant will specifically perform paragraph 4.(b) of the Separation Agreement between the parties by taking all necessary steps to have said $100.00 per month payment drafted from and against his retirement check on a monthly basis to insure the total payment of $3,900.00.

That is specifically what defendant contracted to do. It lies within his present means. He has only to sign the papers he agreed to sign. The quoted portion of the order is manifestly correct and defendant ignores it at his peril.

Affirmed.

Judges WELLS and JOHNSON concur.