NO. COA13-909

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

CHRISTOPHER BENJAMIN,
    Plaintiff,

v.                                      Durham County
                                        No. 12 CVS 4537
CITY OF DURHAM, and NORTH CAROLINA
DEPARTMENT OF TRANSPORTATION –
DIVISION OF MOTOR VEHICLES,
    Defendants.


Appeal by plaintiff from order entered 11 April 2013 by Judge Paul Gessner in Durham County Superior Court. Heard in the Court of Appeals 19 February 2014.

> *Bratcher Adams PLLC, by J. Denton Adams and Brice Bratcher, for plaintiff-appellant.*

> *Office of the City Attorney, by Kimberly M. Rehberg, for defendant-appellee the City of Durham.*


BRYANT, Judge.

Where plaintiff fails to plead each element of a claim for specific performance, a dismissal pursuant to Rule 12(b)(6) is appropriate.

On 25 November 2009, plaintiff Christopher Benjamin, a solid waste truck driver for defendant City of Durham, was ordered by his supervisor to undergo a random drug screening.

When plaintiff arrived at the drug-testing facility, he realized he did not have his identification; he then left the facility and returned twenty minutes later. The testing facility informed plaintiff that because he had left the facility he would not be permitted to take the drug test and that the City of Durham would be notified of his refusal to test. The City of Durham terminated plaintiff's employment that same day.

On 1 December 2009, the City of Durham notified the North Carolina Department of Motor Vehicles ("DMV") that plaintiff had refused a random drug test. The DMV suspended plaintiff's commercial driver's license ("CDL") as a result.

On 14 December 2009, plaintiff was reinstated to his position with the City of Durham upon passing a drug test. On 21 December, the City of Durham notified the DMV that it was unclear whether plaintiff had actually refused to take the drug test on 25 November; the DMV reinstated plaintiff's CDL license but not did remove a notation on plaintiff's record indicating he refused a drug test.

On 21 August 2012, plaintiff filed a complaint against the City of Durham for specific performance, intentional infliction of emotional distress and defamation of character. On 23 March 2013, the City of Durham filed motions to dismiss pursuant to

N.C. R. Civ. P. 12(b)(1), (2), and (6).  On 11 April 2013, the trial court granted the City of Durham's motions to dismiss. Plaintiff appeals.

_____

Plaintiff's sole argument on appeal is that the trial court erred in granting the City of Durham's motion to dismiss his specific performance claim under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  We disagree.

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003).

> The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint.  In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted), *disapproved of on other grounds by Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981).

> It is well-settled that a plaintiff's claim is properly dismissed under Rule 12(b)(6) when one of the following three conditions

is satisfied: (1) the complaint on its face reveals that no law supports the claim; (2) the complaint on its face reveals the absence of facts sufficient to make a valid claim; or (3) the complaint discloses some fact that necessarily defeats the claim.

*Woolard v. Davenport*, 166 N.C. App. 129, 133, 601 S.E.2d 319, 322 (2004) (citation omitted).

Plaintiff argues that the trial court erred in granting the City of Durham's motion to dismiss under Rule 12(b)(6) because plaintiff's complaint for specific performance was sufficiently pleaded to survive a motion to dismiss. The remedy of specific performance is used "to compel a party to do precisely what he ought to have done without being coerced by the court." *McLean v. Keith*, 236 N.C. 59, 71, 72 S.E. 2d 44, 53 (1952) (citation omitted). "The party claiming the right to specific performance must show the existence of a valid contract, its terms, and either full performance on his part or that he is ready, willing and able to perform." *Munchak Corp. v. Caldwell*, 301 N.C. 689, 694, 273 S.E.2d 281, 285 (1981) (citation omitted). Even if a party can show a breach of a valid contract, "[s]pecific performance will not be decreed unless the terms of the contract are so definite and certain that the acts to be performed can be ascertained and the court can determine whether or not the performance rendered is in accord with the contractual duty

assumed." *N.C. Med. Soc'y v. N.C. Bd. of Nursing*, 169 N.C. App. 1, 11, 610 S.E.2d 722, 727—28 (2005) (citations omitted).

Plaintiff contends that he pled all three elements required for specific performance in his complaint. Plaintiff argues that he established a valid contract by stating in his complaint that "[plaintiff] is an employee of the City of Durham, and was so employed in Solid Waste Management as a driver on November 25, 2009[,]" "[the] City of Durham is the employer of Plaintiff . . . and was his employer on November 25, 2009[,]" that defendant reported to and was fired by the City of Durham's Human Resources department after being refused for drug testing, "[t]hat on December 14, 2009, Plaintiff's job position with the City of Durham was reinstated by the City of Durham[,]" and that the city manager for the City of Durham wrote to the DMV on plaintiff's behalf to have plaintiff's CDL certification reinstated. In its answer to plaintiff's complaint, and again at the hearing on the City of Durham's motions to dismiss, the City of Durham conceded to the trial court that plaintiff was, and remains, their employee. However, plaintiff did not provide a copy of his employment agreement with the City of Durham in his complaint, nor did he present evidence at the hearing regarding his terms of employment with the City of

Durham. As plaintiff's complaint must be liberally construed, we find that plaintiff has alleged sufficient facts to show the existence of a valid contract. Moreover, the City of Durham's acknowledgement of an employee-employer relationship with plaintiff provides evidence that a valid contract did exist between the parties.

To sustain a claim for specific performance, plaintiff must also show the terms of the contract.

> The sole function of the equitable remedy of specific performance is to compel a party to do that which in good conscience he ought to do without court compulsion. The remedy rests in the sound discretion of the trial court, and is conclusive on appeal absent a showing of a palpable abuse of discretion.

*Munchak Corp. v. Caldwell*, 46 N.C. App. 414, 418, 265 S.E.2d 654, 657 (1980) (citations omitted), *modified in part*, 301 N.C. 689, 273 S.E.2d 281 (1981).

Plaintiff argues that he "alleged relevant, specific terms of this contract in his complaint" because "[a] contract that requires an employee to hold a CDL requires both employer and employee to comply with these laws, and is therefore a term of the contract." In his complaint, plaintiff stated that: his job required him to have a CDL; to keep his CDL he had to submit to random drug screenings; the City of Durham violated its drug

testing policies by failing to establish a chain of custody on plaintiff's drug test refusal when it terminated plaintiff; and because the City of Durham did not follow its own procedures regarding chain of custody, plaintiff's "CDL and record was blemished." The trial court, in granting the City of Durham's motion to dismiss, noted that plaintiff failed to sufficiently plead the terms or elements of specific performance. We agree, as by not including the City of Durham's drug testing policies or his employment documentation with or in his complaint, plaintiff has failed to provide the specific terms of the policies upon which his complaint is based. "Specific performance will not be decreed unless the terms of the contract are so definite and certain that the acts to be performed can be ascertained and the court can determine whether or not the performance rendered is in accord with the contractual duty assumed." *N.C. Med. Soc'y*, 169 N.C. App. at 11, 610 S.E.2d at 727—28. As such, without evidence of the contract and its terms the trial court could not ascertain "the acts to be performed" or whether "the performance rendered [was] in accord" with those terms. Accordingly, the trial court did not err in dismissing plaintiff's claim for specific performance for failure to demonstrate the required elements of the claim.

Affirmed.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).