CALABRIA, Judge.
 

 George Tsiros ("Tsiros") and Curtis T, LLC (collectively, "defendants") appeal from the trial court's judgment ordering Christopher David Walker ("Walker") to convey certain commercial real property to David Anderson ("plaintiff"). After careful review, we affirm.
 

 I. Factual and Procedural Background
 

 On 7 March 2014, plaintiff filed the instant complaint and
 
 lis pendens
 
 in Buncombe County Superior Court. Plaintiff alleged that, in December 2010, he entered into an agreement with Walker to lease a piece of real estate at 1022 Haywood Road in Asheville ("the property"), to operate plaintiff's business. In January 2013, plaintiff and Walker executed a new lease that included a notarized right of first refusal in plaintiff's benefit ("the ROFR Agreement"). Subsequently, Curtis T, LLC, through its member and manager Tsiros, entered into an agreement ("the Option Agreement" or "Memorandum of Option") to purchase the property from Walker. In his complaint, plaintiff sought specific performance and a declaratory judgment of the rights of the parties. Specifically, plaintiff sought to exercise his interest in the property pursuant to the ROFR Agreement, and to have defendants' Memorandum of Option declared null and void.
 

 On 9 May 2014, defendants filed a responsive pleading, which included an answer, multiple motions to dismiss, a motion for judgment on the pleadings, and a crossclaim requiring Walker to tender the property, or alternatively to pay liquidated damages. On 21 May 2014, the Clerk of Superior Court of Buncombe County entered a default against Walker, with regard to plaintiff's complaint, for failure to plead or appear.
 

 On 31 October 2014, the trial court entered an order denying plaintiff's motion for summary judgment, denying defendants' motion for judgment on the pleadings, and granting in part defendants' motions to dismiss. Specifically, the trial court granted in part and denied in part the motions to dismiss, "in that Plaintiff's claim to have the Memorandum of Option declared null and void is dismissed
 and no other claims of Plaintiff are dismissed."
 

 On 27 October 2016, the Clerk of Superior Court of Buncombe County entered a default against Walker, with regard to defendants' crossclaim, for failure to plead or appear. On 9 January 2017, the trial court entered its judgment in this matter. The court noted the defaults entered against Walker with respect to both plaintiff's complaint and defendants' crossclaim. The court found that although plaintiff and Walker had executed a notarized right of first refusal with respect to the property in 2013, the document was never recorded. The court also found that when defendants executed agreements to purchase the property, Walker gave Tsiros a copy of plaintiff's lease, and that the ROFR Agreement specifically referenced in the lease had not yet expired. In addition, in 2014, defendants met with plaintiff, who informed them of his intent to exercise his right of first refusal.
 

 The court further found that in January of 2014, defendants executed agreements to purchase the property, which were recorded. The court found that it was only after plaintiff became aware of defendants' Option Agreement that he gave formal notice of his intent to exercise the right of first refusal. However, the court found that "it would be unjust and inequitable to enforce the Option Agreement procured by [defendants] so as to deprive Plaintiff of" his right of first refusal, and that defendants, inasmuch as they relied upon equity, failed to comport with the maxim, "he who comes into equity must come with clean hands."
 

 The trial court therefore determined that defendants' conduct in securing the option contract was "overreaching and oppressive[,]" that plaintiff's right of first refusal took precedence, and that defendants maintained a claim against Walker for breach of contract. The court ordered Walker to convey the property to plaintiff by a general warranty deed pursuant to the right of first refusal, with the same terms and conditions, and concluded that defendants had no rights in the property. The court further ordered Walker to pay damages to defendants for breach of contract, payable from the proceeds of the sale of the property to plaintiff.
 

 Defendants appeal.
 

 II. Right of First Refusal
 

 In two separate arguments, defendants contend on appeal that the trial court erred in specifically enforcing an unrecorded right of first refusal in favor of plaintiff. We disagree.
 

 A. Standard of Review
 

 "The sole function of the equitable remedy of specific performance is to compel a party to do that which in good conscience he ought to do without court compulsion. The remedy rests in the sound discretion of the trial court, and is conclusive on appeal absent a showing of a palpable abuse of discretion."
 
 Munchak Corp. v. Caldwell
 
 ,
 
 46 N.C. App. 414
 
 , 418,
 
 265 S.E.2d 654
 
 , 657 (1980) (citations omitted),
 
 modified on other grounds
 
 ,
 
 301 N.C. 689
 
 ,
 
 273 S.E.2d 281
 
 (1981).
 

 B. Analysis
 

 It is well established that "a binding contract to convey land, when there has been no fraud or mistake or undue influence or oppression, will be specifically enforced."
 
 Hutchins v. Honeycutt
 
 ,
 
 286 N.C. 314
 
 , 318,
 
 210 S.E.2d 254
 
 , 256-57 (1974) (citations and quotation marks omitted). Specific performance "is granted or withheld according to the equities
 that flow from a just consideration of all the facts and circumstances of the particular case."
 
 Id
 
 . at 319,
 
 210 S.E.2d at 257
 
 .
 

 A right of first refusal, also known as a "preemptive right," "requires that, before the property conveyed may be sold to another party, it must first be offered to the conveyor or his heirs, or to some specially designated person."
 
 Smith v. Mitchell
 
 ,
 
 301 N.C. 58
 
 , 61,
 
 269 S.E.2d 608
 
 , 610 (1980) (citation and quotation marks omitted). Although analogous to option contracts, preemptive provisions "are technically distinguishable."
 
 Id
 
 . Whereas "[a]n option creates in its holder the power to compel sale of land, ... [a] preemptive provision, on the other hand, creates in its holder only the right to buy land before other parties if the seller decides to convey it."
 
 Id.
 
 at 61,
 
 269 S.E.2d at 610-11
 
 (citations omitted). "Preemptive provisions
 may be contained in leases, in contracts, or ... in restrictive covenants contained in deeds or recorded in chains of title."
 
 Id
 
 . at 61,
 
 269 S.E.2d at 611
 
 (citations omitted).
 

 A right of first refusal is enforceable against a subsequent purchaser for value who has "actual or constructive knowledge of the preemptive right."
 
 Legacy Vulcan Corp. v. Garren
 
 ,
 
 222 N.C. App. 445
 
 , 449,
 
 731 S.E.2d 223
 
 , 226 (2012). Generally, a person is
 

 charged with notice of what appears in the deeds or muniments in his grantor's chain of title, including ... instruments to which a conveyance refers. ... Under this rule, the purchaser is charged with notice not only of the existence and legal effects of the instruments, but also of every description, recital, reference, and reservation therein. ... If the facts disclosed in a deed in the chain of title are sufficient to put the purchaser on inquiry, he will be charged with notice of what a proper inquiry would have disclosed.
 

 Id
 
 . at 449,
 
 731 S.E.2d at 226-27
 
 (citation and quotation marks omitted).
 

 However, "[a]n innocent purchaser takes title free of equities of which he had no actual or constructive notice."
 
 Id.
 
 at 449,
 
 731 S.E.2d at 227
 
 (citation and quotation marks omitted). Accordingly,
 

 [w]here the defense of "innocent purchaser" is interposed and there has been a bona fide purchase for a valuable consideration, the matter which debases the apparent fee must have been expressly or by reference set out in the muniments of record title or brought to the notice of the purchaser
 
 in such a manner as to put him upon inquiry
 
 .
 

 Id
 
 . (citation and quotation marks omitted).
 

 In the instant case, plaintiff and Walker executed the ROFR Agreement on 29 January 2013. Plaintiff paid Walker $2,000.00 in consideration for a two-year preemptive right to the property. This ROFR Agreement was incorporated by reference in a new, 1.5-year lease. The agreement was effective until 31 December 2014, barring a mutual written agreement or an offer to purchase between plaintiff and Walker. Nonetheless, on 18 December 2013, Walker signed an Offer to Purchase and Sale Memorandum with Tsiros, without giving plaintiff any written notice. At that time, Walker provided Tsiros with a copy of the lease and the ROFR Agreement that was specifically referenced in the lease. On 10 January 2014, defendants informed plaintiff that Walker had contracted to sell the property to Tsiros.
 

 On appeal, defendants contend that Curtis T, LLC's right to purchase the property was superior to plaintiff's, because unlike the Option Agreement, neither the lease nor the ROFR Agreement were ever recorded. We disagree.
 

 Our recordation statute,
 
 N.C. Gen. Stat. § 47-18
 
 , provides, in pertinent part:
 

 No (i) conveyance of land, or (ii) contract to convey, or (iii) option to convey, or (iv) lease of land for more than three years shall be valid to pass any property interest as against lien creditors or purchasers for a valuable consideration from the donor, bargainer or lesser but from the time of registration thereof in the county where the land lies[.] ... [I]nstruments registered in the office of the register of deeds shall have priority based on the order of registration as determined by the time of registration[.]
 

 N.C. Gen. Stat. § 47-18
 
 (a) (2017). Therefore, according to the plain language of the statute, a right of first refusal need not be recorded in order to be valid.
 

 Furthermore, "[o]ur registration statute does not protect all purchasers, but only innocent purchasers for value."
 
 Hill v. Pinelawn Mem'l Park, Inc.
 
 ,
 
 304 N.C. 159
 
 , 165,
 
 282 S.E.2d 779
 
 , 783 (1981). "While actual notice of another unrecorded conveyance does not preclude the status of innocent purchaser for value, actual notice
 of pending litigation affecting title to the property does preclude such status."
 
 Id
 
 . Where a purchaser claims protection under our registration laws, he has the burden of proving by a preponderance of the evidence that he is an innocent purchaser for value, i.e., that he paid valuable consideration and
 had no actual notice, or constructive notice by reason of
 
 lis pendens
 
 , of pending litigation affecting title to the property.
 

 According to the terms of the ROFR Agreement, if Walker wanted to transfer his interest in the property within two years of the date of the agreement, he was to give plaintiff at least ninety days' notice before the date of the proposed transfer. Later, plaintiff agreed to only sixty days to exercise his right of first refusal. Defendants were aware that plaintiff was interested in exercising his right of first refusal, because all three parties signed a document acknowledging the sixty-day notice requirement. Despite this knowledge, defendants subsequently signed and recorded the Option Agreement.
 

 The trial court found that, after discovering the existence of the Option Agreement in the Buncombe County Register of Deeds, plaintiff "made arrangements as quickly as possible to secure the funding he would need to purchase the Property. Plaintiff gave formal notice of his intent to purchase the Property under the ROFR by way of the Complaint[.]" Plaintiff secured a lender to loan him the money and was ready, willing and able to purchase the Property on 7 March 2014, which was within the sixty-day period. That day, immediately after filing the complaint, plaintiff also filed a
 
 lis pendens
 
 upon the property, asserting a right to enforce his preemptive right. On 9 May 2014, defendant Curtis T, LLC gave notice of its intent to exercise its purchase rights under the Option Agreement by letter to defendant Walker. It is clear, therefore, that defendant Curtis T, LLC only exercised its rights after the filing of plaintiff's complaint and
 
 lis pendens
 
 , at which point all parties had knowledge of plaintiff's rights under the ROFR Agreement. Therefore, defendants had actual notice.
 

 Moreover, the trial court found that defendant Tsiros was personally aware of plaintiff's right of first refusal as early as 18 December 2013. The trial court found that Tsiros had multiple meetings with Walker and plaintiff; that "[a]ll present knew that Plaintiff was interested in exercising the ROFR"; and that plaintiff had explicitly informed Tsiros "that [plaintiff] was working to line up investors to allow him to exercise his rights under the ROFR." The trial court found that it was only after one such meeting that Tsiros "arranged to have an Option Agreement prepared[,]" despite knowing "that Plaintiff was a tenant in possession who had preemptive rights under the ROFR and that Plaintiff was planning to exercise those rights."
 

 The right of an innocent purchaser for value to take priority over an unrecorded right in real property only applies to those purchasers who
 acquire title without knowledge, actual or constructive, of another's unrecorded rights. Here, defendants knew-whether from personally speaking with plaintiff or from the filing of plaintiff's complaint and
 
 lis pendens
 
 -that plaintiff had rights in the property which he sought to exercise. Therefore, defendants were not innocent purchasers for value. Furthermore, the fact that the ROFR Agreement was not recorded did not protect their subsequent Option Agreement.
 

 We hold therefore that the trial court did not err in ruling that the ROFR Agreement was enforceable, ordering that it be enforced, and concluding that defendants were not entitled to specific performance of the Option Agreement. We affirm the trial court's judgment.
 

 AFFIRMED.
 

 Judges ZACHARY and ARROWOOD concur.